**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

MOBILE BARRIERS LLC,
a State of Colorado limited liability corporation,
by its Chairman and CEO Kevin Groeneweg,
on behalf of the United States of America,

       Plaintiff / Relator,

                                          **FILED UNDER SEAL**
                                      **JURY TRIAL DEMANDED**

v.

JOHN A. GAMBATESE, individually,
and in his individual and official capacity,
NICHOLAS TYMVIOS, individually,
and in his individual and official capacity,
OREGON STATE UNIVERSITY,
a leading public research university
in the State of Oregon,
JOHN DOES 1-20, and XYZ COMPANIES 1-20,
whose true names and business entity and/or
agency forms unknown, inclusive,

       Defendants.

---

**QUI TAM COMPLAINT UNDER THE FALSE CLAIMS ACT ("FCA"),**

**AND COMPLAINT FOR FRAUD,**

**VIOLATIONS OF COLORADO GOVERNMENT IMMUNITY ACT ("GIA"),**

**AND  INJUNCTIVE RELIEF**

---

PLAINTIFF / RELATOR MOBILE BARRIERS LLC, by its Chairman and CEO Kevin

Groeneweg ("Mobile Barriers" or "Plaintiff"), brings this Qui Tam action in the name of the

United States of America under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* ("FCA"), and

also files claims for fraud, violations of the Colorado Government Immunity Act, CRS § 24-10-

102 *et seq.* ("GIA"), and injunctive relief, through its attorney Laura Lee Blake, Esq., and alleges

as follows:

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 1

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

## I.  SUMMARY INTRODUCTION

1.  This is an action by Qui Tam Plaintiff / Relator Mobile Barriers, by its Chairman and CEO Kevin Groeneweg, on behalf of the United States, against Defendants JOHN A. GAMBATESE, an individual in his individual and official capacity ("Gambatese"), NICHOLAS TYMVIOS, an individual in his individual and official capacity ("Tymvios"), and OREGON STATE UNIVERSITY, a leading public research university ("OSU").

2.  Plaintiff / Relator seeks to recover penalties and damages arising from (a) false claims and systematic fraud, (b) significant omissions of material fact, (c) the provision of deficient or worthless services, and (d) double billing of the U.S. Department of Transportation ("U.S. DOT") Federal Highway Administration ("FHWA") by Defendants Gambatese, Tymvios, and OSU.

3.  The Defendants' wrongful acts and omissions occurred during its preparation of a subject research report entitled "*EVALUATION OF A MOBILE WORK ZONE BARRIER SYSTEM – SPR 746*" ("SPR 746 Report"), for which Defendants received federal monies allocated by the Federal Highway Administration ("FHWA") under the State Planning and Research Program ("SPR").   The subject of the pertinent SPR 746 Report involved the performance, characteristics, features, and testing of the Plaintiff Mobile Barriers award-winning product known as the "MBT-1[®] [1]".  (*See*, SPR 746 Report [Final] attached on Exhibit "B" as Electronic Exhibit "1" and incorporated by reference.)

---

[1] MOBILE BARRIERS MBT-1[®] is protected under Pat. Nos. 7,572,022, 7,901,117, 8,322,945, 8,465,047, 8,628,110, 8,657,525, 8,740,241, 8,777,255, NZ 590,337, and other patents pending. MOBILE BARRIERS & Design and MBT-1[®] are Registered Trademarks.  For additional information see www.mobilebarriers.com.

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 2

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

4.   In addition to the Qui Tam claims under the FCA, Plaintiff MOBILE BARRIERS files this Complaint against Defendants GAMBATESE, TYMVIOS, OSU, JOHN DOES 1-20, individuals, and XYZ COMPANIES 1-20, business entity and/or agency forms unknown, inclusive, for fraud, violations of the Colorado GIA, and injunctive relief under Colorado State and common law to preclude Defendants from publishing, posting, or presenting the SPR 746 Report with the false claims and significant omissions of material fact concerning the MBT-1®.

## II.   **PRELIMINARY STATEMENT**

*"What people say, what people do, and what they say they do are entirely different things."*
(Margaret Mead, American cultural anthropologist.)

5.   Truer words were never spoken about a Defendant professor and his Defendant graduate student who targeted the U.S. Government to fraudulently collect nearly $200,000 in federal SPR funds for shoddy work.

6.   They called it a "research" report – but, in fact, it was the opposite.  Instead of doing a professional and truthful evaluation, examination, study, inquest, inquiry and investigation concerning the focus of the report, i.e., Plaintiff Mobile Barriers award-winning barrier system known as the "MBT-1®," the professor and his graduate student pursued a diametric course of action.  They engaged in false claims and fraudulent misrepresentations, omitted significant and material facts, provided worthless services, and double billed the Government under the guise of academic engineering research.  The so-called "SPR 746 Report" they produced was a sham, and the U.S. Government should not allow them to benefit greatly from such scandalous practices.

7.   Specifically, from at least 2010 and continuing until the present, Defendants have violated the FCA, 31 U.S.C. § 3729 et seq., by knowingly submitting, causing to be submitted, or conspiring to submit false and fraudulent claims for payment or approval to the U.S. DOT /

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 3

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

FHWA in connection with the distribution of SPR funds under federal transportation funding programs.

8. In doing so, Defendant professor John Gambatese and his then Defendant graduate student Nicolas Tymvios engaged in the following:

- Double billed by copying research from a 2010 Report directly into this SPR 746 Report and then charging the Government a second time for the same work;

- Falsely claimed that the SPR 746 Report contained the most recent and advanced research about the MBT-1[®] , but instead submitted outdated information from 2010 -- *the bulk of which was dated <u>prior to</u> the introduction of the the MBT-1[®]* -- that not did not include the substantial third party reports, research, presentations and user experiences regarding the MBT-1[®];

- Submitted false and irrelevant information about 13 States that are *not* using the MBT-1[®], while ignoring the States that are using it;

- Included false and irrelevant traffic "comparisons" involving non-comparable weekend days versus week days, and differing times;

- Compared false and irrelevant information about barriers known as the Balsi Beam and "movable" barriers—knowing they are either not speed appropriate and approved for highway use and/or completely dissimilar to the MBT-1[®];

- Conducted a false and irrelevant statutory analysis with self-serving recommendations for more research;

- Completely ignored or omitted material facts about States and DOTS that are successfully using the MBT-1[®] to protect lives (e.g., Texas has been using the MBT-1[®] for years and will have 10 MBT-1[®] by the end of this year, but

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 4

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

Defendants did not even interview Texas personnel or include detailed information about their use of the MBT-1®);

- Submitted false and irrelevant conclusions and recommendations with no factual basis; and

- Enjoyed numerous personal benefits from the research project, including "all-expenses-paid" trips to industry conferences across the country to present the SPR 746 Report and research; receiving salaries, fringe benefits, tuition, and expenses, including obtaining extensions on the Report deadlines and seeking increased government SPR funds for so long as Defendant graduate student Tymvios was still attending grad school at OSU, and suddenly completing the SPR 746 Report and discontinuing the funds upon his graduation; securing a new job for Defendant graduate student Tymvios as an associate professor at the University of North Carolina ("UNC"); reaching tenure status for the Defendant professor Gambatese and directly receiving the funds to build his own reputation in the research industry to obtain more federal funds for future projects.

9. The payment of tax payer dollars for shoddy and unprofessional work that has numerous false claims and omissions of material fact -- such that it is untrustworthy, unreliable and without value -- must be addressed and recovered. The U.S. Government has every right to expect better research and results for its nearly $200,000 in SPR funds under the Policy for Research Integrity, Professional Code of Ethics for Engineers, and otherwise. At a time when

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 5

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

we're having to make such difficult decisions about how to cut back without damaging the things that matter most, we should strain every sinew to cut error, waste and fraud.[2]

10. The FCA has been used to stop the research misconduct by university professors in the past (*see, e.g.*, February 6, 2003 DOJ Press Release entitled "Northwestern University Will Pay $5.5 Million To Resolve False Claims Act And Common Law Allegations," with a quote from Assistant Attorney General Robert D. McCallum, Jr., head of the Department's Civil Division: "*This settlement illustrates the importance to the United States of ensuring that universities and other institutions make proper use of federal research funds*," attached as an electronic Electronic Exhibit " 36" and incorporated by reference.)

11. In light of the foregoing, Plaintiff respectfully requests that the Government intervene in this case and recover the wasted funds from the Defendants based on the FCA, along with all corresponding fines and penalties.

***

## III.     THE PARTIES

### A.  QUI TAM PLAINTIFF

12. Plaintiff **MOBILE BARRIERS LLC** ("Mobile Barriers") is a State of Colorado limited liability corporation with its principal place of business at 24918 Genesee Trail Road, Golden, Colorado 80401.   Among other ventures, Mobile Barriers designs, builds, and manufactures the "MBT-1[®]" which is a patented, highly mobile work-zone traffic barrier that is suitable and federally approved for usage on the National Highway System.

---

[2] Prime Minister David Cameron

---

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 6

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

B. **DEFENDANTS**

13. Defendant **JOHN A. GAMBATESE** ("Gambatese") is a resident of the State of Oregon.  Defendant Gambatese has identified himself as a professional engineer and principal of the "Gambatese Research Group," which has an address at the School of Civil and Construction Engineering, 101 Kearney Hall, Oregon State University, Corvallis, Oregon 97331.  *See* http://web.engr.oregonstate.edu/~gambatjo/gambatese.html;   and   http://web.engr.oregonstate.edu/~gambatjo/research%20projects.html.  Defendant Gambatese has at all relevant times worked for Defendant OSU, and the claims herein are being alleged against Gambatese in his individual and official capacities.  **Minimum Contacts:**  Defendant Gambatese has sufficient minimum contacts in this District and State of Colorado such that he should reasonably anticipate being haled into Court here.  This Court's exercise of jurisdiction over him does not offend traditional notions of fair play and substantial justice, and is reasonable under the circumstances.

14. Defendant **NICOLAS TYMVIOS**, an individual, on information and belief is currently a resident of the State of North Carolina.  Defendant Tymvios has identified himself as an Assistant Professor in the Williams States Lee College of Engineering at UNC, 9201 University City Blvd., Smith Room 235, Charlotte, North Carolina.  Prior to becoming an Assistant Professor at UNC, Defendant Tymvios had at all relevant times worked for Defendant OSU, and the claims herein are being alleged against Tymvios in his individual and official capacities.  **Minimum Contacts:**  Defendant Tymvios has sufficient minimum contacts in this District such that he should reasonably anticipate being haled into Court here.  This Court's exercise of jurisdiction over him does not offend traditional notions of fair play and substantial justice, and is reasonable under the circumstances.

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 7

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

15. Defendant **OREGON STATE UNIVERSITY ("OSU")** was/is the employer of Defendants Gambatese and Tymvios.  OSU had principal oversight and responsibility of and for Defendants Gambatese and Tymvios, the creation of the SPR 746 Report and its publication. Defendant OSU and the other Defendants created and/or published the subject SPR 746 Report. On information and belief, Defendant OSU knowingly or recklessly made or authorized multiple false claims and fraudulent misrepresentations, significant omissions of material fact, provided deficient or worthless services, and double billed the U.S. DOT FHWA in connection with its evaluation of Mobile Barriers MBT-1® as part of the SPR 746 Report.  **Minimum Contacts:** Defendant OSU has sufficient minimum contacts in this District and the State of Colorado such that it should reasonably anticipate being haled into Court here.  This Court's exercise of jurisdiction over OSU does not offend traditional notions of fair play and substantial justice, and is reasonable under the circumstances.

16. DEFENDANTS **JOHN DOES 1-20**, individuals, and **XYZ COMPANIES 1-20**, business entity and/or agency forms unknown, inclusive, are sued under these fictitious names because Plaintiff is presently ignorant of their true names and capacities.  Plaintiff will seek to amend this Complaint to set forth their true names and capacities when ascertained.  Plaintiff is informed and believes, and on that basis alleges that each of these fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged in that the Government's and Plaintiff's damages as herein alleged were proximately caused by such Defendants.  Allegations herein applicable to one or more named Defendants, or categorically "Defendants," are also applicable to and shall include JOHN DOES 1-20, individuals, and XYZ COMPANIES 1-20, business entity and/or agency forms unknown, inclusive, unless specifically averred otherwise.

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 8

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

# IV.    JURISDICTION AND VENUE

17. This action arises under the False Claims Act, 31 U.S.C. §§ 3729 *et seq*.

18. This Court maintains subject matter jurisdiction over this action pursuant to the False Claims Act, 31 U.S.C. §§ 3732(a) (False Claims Act), and 28 U.S.C. § 1331 (Federal Question). This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties' citizenship is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.  This Court has jurisdiction over Plaintiff's related state and common-law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

19. This Court also has personal jurisdiction over Defendants because each of the Defendants created, supported, authorized and/or published the subject SPR 746 Report.  On information and belief, each of the Defendants knowingly or recklessly made or authorized multiple false claims and fraudulent misrepresentations, significant omissions of material fact, provided deficient or worthless services, and double billed the U.S. Department of Transportation ("U.S. DOT") Federal Highway Administration ("FHWA") in connection with its evaluation of Mobile Barriers MBT-1® as part of the SPR 746 Report.

## A.  Defendants' Minimum Contacts With This District of Colorado

20. Each of the Defendants has sufficient minimum contacts in this District and the State of Colorado such that they should reasonably anticipate being haled into Court here.  This Court's exercise of jurisdiction over each of the Defendants does not offend traditional notions of fair play and substantial justice, and is reasonable under the circumstances.

21. As explained below and on information and belief, each of the Defendants has purposefully directed activities at Plaintiff Mobile Barriers and otherwise acted to avail

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 9

Laura Lee Blake, Esq.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

himself/itself of the privilege of conducting activities here in Colorado, and the litigation here results from alleged injuries that arise out of or relate to those activities.

22. Specifically, the Defendants' SPR 746 Report focuses on a Colorado company known as Plaintiff Mobile Barriers and the MBT-1® designed and developed here in Colorado, and each of the Defendants relied on Colorado sources to support and complete the SPR 746 Report, and traveled to Colorado on one or more occasions to attend conferences and make presentations involving the false claims and omissions of material fact in the SPR 746 Report, such that their express and tortious activities were expressly aimed at Colorado concerning Plaintiff Mobile Barriers MBT-1®, since it is the only site of the harm.  Each of the Defendants knew or could reasonably foresee that the brunt of the injury would be felt in the forum state of Colorado.

23. On information and belief, each of the Defendants engaged in one or more of the following minimum contacts with the State of Colorado:

i.   made false claims and fraudulent misrepresentations, and omitted material facts, within this State;

ii.  engaged in acts or omissions of material fact within this State causing injury to the U.S. Government and Plaintiff, including on information and belief, traveling to and attending one or more industry conferences in this State of Colorado, making false claims and omitting material facts, in presentations concerning Plaintiff Mobile Barriers MBT-1® during such industry conferences in this State, distributing the false claims and omitting material facts in the SPR 746 Report concerning Plaintiff Mobile Barriers MBT-1® during and after the industry conferences to residents and non-residents of this State;

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 10

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

iii.   engaged in acts or omissions of material fact outside of this State causing injury within the State, including on information and belief, attending additional industry conferences in various locations across the United States and making false claims and omitting material facts in presentations concerning Plaintiff Mobile Barriers MBT-1® during such industry conferences, distributing the false claims and omitting material facts in the SPR 746 Report concerning Plaintiff Mobile Barriers MBT-1® during and after such industry conferences to residents and non-residents of this State, conducting surveys of residents of this State concerning their knowledge and use of Plaintiff Mobile Barriers MBT-1®, communicating with residents of this State concerning Plaintiff Mobile Barriers MBT-1®, and other related activities;

iv.   entered into research partnerships, contracts, or related agreements with residents of this State (including, for example, developing a research partnership with Dr. Matthew Hallowell with the Department of Civil, Environmental, and Architectural Engineering at the University of Colorado, in Boulder, Colorado; *see, e.g.,* Electronic Exhibit "22" identifying Research Partners attached hereto and incorporated by reference),

v.   relied on Colorado sources and Colorado publicly-funded Universities to bolster their various educational programs and  reputation in the business and research fields, and/or

vi.   otherwise made or established contacts with this State to permit the exercise of personal jurisdiction.

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 11

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

20. Venue is proper in this judicial District pursuant to 28 U.S.C. §1391 and 31 U.S.C. §3732(a) because Defendants conducted presentations and related business activities in this District and did so at all times relevant to this Complaint, and Defendants committed acts proscribed by 28 U.S.C. §3729 – acts giving rise to this action within this District.

**B. <u>Plaintiff Has Complied With All Procedural Aspects and Conditions Precedent</u>**

21. Upon filing this Complaint, Plaintiff Mobile Barriers also served a copy of same upon the United States, together with a Written Disclosure statement setting forth and enclosing all material evident and information it possesses, pursuant to the requirements of 31 U.S.C. §3730(b)(2).

22. Plaintiff has complied with all other conditions precedent to bringing this action.

23. Plaintiff is the original source of, and has direct and independent knowledge of, all disclosed information on which any allegations in the Complaint might be based, and has voluntarily provided such information to the Government before filing this action.  Specific disclosures are attached as Electronic Exhibit "32" and include the following:

- ➢ (2.20.2013) MOBILE BARRIERS Redlined Comments to Draft SPR 746 Report
- ➢ (2.20.2013) MOBILE BARRIERS Appendix A
- ➢  (6.5.2013) Letter to Oregon Department of Transportation ("ODOT")
- ➢ (6.11.2013) ODOT Responsive Letter
- ➢ (6.20.2013) Reply Correspondence
- ➢ (6.20.2013) App. A to ODOT Responsive Correspondence
- ➢ (6.26.2013) FHWA SPR 746 Email
- ➢ (7.16.2013) Notice of Research Misconduct to OSU
- ➢ (10.14.2013) Email to ODOT re Surprised Publishing Report Under Research Misconduct Investigation
- ➢ (12.16.2013) Letter to UNC (Re notice of acts and omissions of Defendant Tymvios)
- ➢ (12.20.2013) Letter from OSU in Response to Research Misconduct
- ➢ (1.10.2014) Letter to OSU VP RS Re - Notice of Research Misconduct
- ➢ (2.5.2014) ODOT Notice
- ➢ (6.17.2013) Voice Mail from OSU General Counsel Declining to Meet

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 12

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

(*See*, attached Composite Electronic Exhibits "32" and "33" with copies of available disclosures attached and incorporated by this reference.)

## V.   SUMMARY OF ALLEGATIONS

24. This is an action by Qui Tam Plaintiff / Relator Mobile Barriers, by its Chairman and CEO Kevin Groeneweg, on behalf of the United States, under the FCA against Defendants Gambatese, Tymvios, and OSU arising from:

(a) false claims and systematic fraud,

(b) significant omissions of material fact,

(c) the provision of deficient or worthless services, and

(d) double billing of the U.S. DOT / FHWA.

25. Defendants' wrongful acts and omissions occurred during its preparation of a subject report entitled "*EVALUATION OF A MOBILE WORK ZONE BARRIER SYSTEM – SPR 746*" ("SPR 746 Report"), for which Defendants received federal monies.  The subject of the pertinent SPR 746 Report involved the performance, characteristics, features, and testing of the Plaintiff Mobile Barriers award-winning product known as the "MBT-1®".

26. As detailed below, the factual and legal basis for the claims can be summarized as follows:

- Plaintiff designed the "MBT-1®" for improving safety around highway work zones;

- Defendants' false claims, omissions of material fact, worthless services, and double billing in the SPR 746 Report concerning the MBT-1® created substantial losses and increased liability for the Government;

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 13

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

- Defendants received federal SPR funds, which are used for transportation research projects;

- By Presidential Executive Order, a federal policy on research misconduct has been issued to address the false, fraudulent, unprofessional, and shoddy work that Defendants produced in creating the SPR 746 Report;

- The Highway fund is "going broke" – thus it is even more important that federal and state DOTs receive truthful, accurate, and complete research reports upon which they can rely for the taxpayer dollars that are being spent on such reports;

- Plaintiff has tried repeatedly over the past year to meet with Defendants, but Defendants refused to meet or correct the false claims in the SPR 746 Report. Plaintiff has no choice but to seek legal redress on behalf of the Government for Defendants' violation of the FCA and related claims.

### A. PLAINTIFF DESIGNED "MBT-1®" FOR IMPROVING SAFETY AROUND HIGHWAY WORK ZONES

27. Plaintiff Mobile Barriers designed, built, and manufactured the "MBT-1®" for improving safety, efficiency, and traffic flows in and around work zones. Mobile Barriers MBT-1® is fully tested, accepted/eligible and speed appropriate for interstate and other use on the National Highway System. (*See,* MBT-1® Design and Functionality Information set forth in electronic Electronic Exhibit "4" attached hereto and incorporated by reference.)

28. The MBT-1® is a patented and highly mobile work-zone traffic barrier that is designed to protect highway workers, motorists, and their families from fatalities and injuries arising from accidents that occur at or near highway construction work zones. The MBT-1® is manufactured by Mobile Barriers, LLC, of Golden, Colorado. (*See,* Electronic Exhibit "4" attached hereto and incorporated by reference.)

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 14

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

29. Mobile Barriers MBT-1® was developed following a tragic incident in which two (2) Colorado Department of Transportation ("CDOT") workers were killed by a wrong-way driver in June 2004. The MBT-1® underwent four (4) years of development and refinement in cooperation with CDOT and FHWA before being deployed in Colorado in June 2008, and formally introduced in San Jose, California at the American Traffic Safety Services Association ("ATSSA") Annual Meetings, where it received the Innovation of the Year Award for 2009. (*See*, Electronic Exhibit "4" attached hereto and incorporated by reference.)

**B. DEFENDANTS' FALSE CLAIMS, OMISSIONS OF MATERIAL FACT, WORTHLESS SERVICES, AND DOUBLE BILLING CREATED SUBSTANTIAL LOSSES AND INCREASED LIABILITY FOR GOVERNMENT**

30. Defendants knowingly, intentionally and/or recklessly made false claims and omitted material facts regarding the MBT-1® to obtain nearly $200,000 in SPR funds from the Oregon Department of Transportation ("ODOT") and the FHWA for the SPR 746 Report, and also on information and belief to market and promote another inoperable and unworkable barrier system known as the "Balsi Beam" in hopes of winning additional research grants for hundreds of thousands of dollars in SPR funds. As part of these wrongful acts and omissions, Defendants provided deficient or worthless services to the government and engaged in double billing. (*See, e.g.,* detailed description of the false claims and fraudulent misrepresentations, omissions of material fact, provision of worthless services, and double billing set forth in Exhibit "A" attached hereto and incorporated by reference.)

31. By making false claims and omitting material facts in the SPR 746 Report for their own personal gains and selfish benefits, on information and belief Defendants not only collected hundreds of thousands of dollars in taxpayer dollars, but further placed the federal government, state highway workers, and motorists at great risk for harm.

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 15

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone: (404) 345-2737

32. Specifically, if a State DOT relied on Defendants' SPR 746 Report and decided to use a "Balsi Beam" for its highway construction project to protect its workers, the State DOT would be unaware that the Balsi Beam has been approved only for sites where the motorists' speeds do not exceed speeds of up to 43 mph -- *since the Defendants' Report omitted this significant material fact about the limits on the Balsi Beam.*  If a motorist on the highway was travelling at the lawful speed of 65 mph and hit the Balsi Beam, great damage and potential loss of life of both the highway workers and motorists could occur.  The Government would be at risk for claims that it presented a dangerous condition and neglected its duty of care.

33. It is well established that the federal government and most states provide limited waivers of sovereign immunity that allow them to be sued for personal injury accidents caused by dangerous highway conditions.   Injured highway workers and motorists can sue the government if they can establish that the roads / highways presented a dangerous condition and the duty of care was neglected for allowing or creating the hazard.

34. The government has every right to expect and rely on the accuracy and professionalism of SPR Reports – especially to the extent the government is paying hundreds of thousands of dollars in SPR funds to get a truthful and complete SPR Report concerning a specific barrier system, i.e., the MBT-1®.  By submitting a false claim SPR 746 Report with false claims and fraudulent misrepresentations, omissions of material fact, worthless services, and double billing, Defendants have created both actual and potential losses for the government that must be addressed.

## C.  SPR FUNDS ARE USED FOR TRANSPORTATION RESEARCH PROJECTS

35. The use of SPR funds by States and subrecipients is authorized by Title 23, U.S. Code Section 505, and regulated by Title 23, Code of Federal Regulations ("CFR"), Part 420.  The State Departments of Transportation ("DOT") are responsible for monitoring activities

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 16

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

performed by staff of subrecipients that use SPR funds.   (*See,* SP&R Guide, Oversight & Stewardship, issued by FHWA, attached as Electronic Exhibit "14" and incorporated by reference.)

### D.   BY PRESIDENTIAL EXECUTIVE ORDER, A FEDERAL POLICY ON RESEARCH MISCONDUCT HAS BEEN ISSUED

36. The federal government has raised concerns in recent years about the use of federal funds to pay for false, inaccurate, incomplete and/or unprofessional research and reports to governmental agencies.   This has created such damage and harm for the United States Government that the Executive Office of the U.S. President published a "*Federal Policy on Research Misconduct,*" with an effective date of December 6, 2000 to stop research misconduct. (*See,* Executive Order, attached as Electronic Exhibit "16" and incorporated by reference.)

37. This Federal Policy on Research Misconduct applies to the research that was conducted by Defendants, i.e., University professors and graduate students, to ensure confidence in the final records and reports:  "*Advances in science, engineering, and all fields of research depend on the reliability of the research record, as do the benefits associated with them in areas such as health and national security.  **Sustained public trust in the research enterprise also requires confidence in the research record and in the processes involved in its ongoing development**.... [This policy] applies to research conducted by the Federal agencies, conducted or managed for the Federal government by contractors, or supported by the Federal government **and performed at research institutions, including universities and industry**.  The policy establishes the scope of the Federal government's interest in the accuracy and reliability of the research record and the processes involved in its development.*"  (*See,* Research Misconduct Policy, 65 Fed. Reg. 76260, attached as Electronic Exhibit "16" and incorporated by reference; emphasis added.)

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 17

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

**E. HIGHWAY FUND IS "GOING BROKE" – IT IS IMPORTANT THAT FEDERAL AND STATE DOTS RECEIVE TRUTHFUL, ACCURATE AND COMPLETE RESEARCH REPORTS**

38. For the past several years, U.S. Congress has been funding transportation from the general fund. With ongoing challenges to transportation funding and the limited resources available, State DOTs are continuing to be impacted. Thus, it was critical that the SPR 746 Report contain truthful, accurate, and complete information about the MBT-1® so FHWA and States can get meaningful value from the funded research, and States can make significant decisions on how best to spend the limited funds allocated to them. (*See, e.g., articles entitled "Highway Trust Fund Growing Broke? Tennessee DOT's Commissioner Explains Impact on the State,"* Cleveland Daily Banner, July 18, 2014; *"Mississippi DOT Sounds Alarm on Federal Highway Fund, Outlines Consequences at Home,"* AASHTO Journal, July 18, 2014; *"Alabama DOT Adjusts to Keep Projects Going as Long as Possible in Face of Funding Crunch,"* Mike D. Smith, AL.com, July 13, 2014, attached hereto as Electronic Exhibit "18" and incorporated by reference.)

**F. PLAINTIFF HAS TRIED REPEATEDLY TO MEET WITH THE DEFENDANTS, BUT DEFENDANTS REFUSED TO MEET OR CORRECT FALSE CLAIMS**

39. In June and July 2013, Plaintiff Mobile Barriers raised numerous concerns about an initial draft of the SPR 746 Report, and sent letters to the Defendants citing many of the false claims, fraudulent misrepresentations, and material omissions giving rise to this action.

40. Following the publication of the final SPR 746 Report in August 2013, Plaintiff again reached out to each of them to schedule a time to talk or an in-person meeting to discuss the concerns. Defendants initially pulled the Report from their various websites but Defendants refused to meet and Plaintiff received no substantive response. In or about May 2014, however, Defendants subsequently republished the SPR 746 Report (presumably in connection with their

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 18

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone: (404) 345-2737

attendance and presentation of the materials at an industry ASCE conference in Atlanta, Georgia, *see., e.g.,* Electronic Exhibit "30" attached hereto and incorporated by reference), but again refused to meet or discuss.

41. Specifically, on June 9 and 10, 2014, Mobile Barriers again contacted all of the Defendants and interested parties requesting an opportunity to meet at a location convenient to them to discuss the concerns.  Defendants either refused to return the calls or refused to meet. (*See, e.g.,* transcript of June 17, 2014 voice mail of Meg Reeves, General Counsel for OSU, attached as Electronic Exhibit "33" and incorporated by reference, saying that  *"We're of the view that such a meeting [with representatives of Mobile Barriers] would not be productive."*) The interested parties further did not want to assist in organizing or attending a meeting until required to do so.

42. Since Defendants have refused to meet with Plaintiff, declined any efforts to discuss and correct the numerous false claims and fraudulent misrepresentations, rejected any recommendations to include the omissions of material fact in the Defendants' SPR 746 Report, and flatly refused to hear or address Plaintiff's concerns, Plaintiff Mobile Barriers had no choice but to seek legal redress on behalf of the U.S. Government.

43. Unquestionably, by these false and fraudulent claims, Defendants have violated the False Claims Act and obtained federal monies to which they are not entitled.

## VI.    NATURE OF THE ACTION

### A. FALSE CLAIMS ACT, 31 U.S.C. § 3729 ET SEQ. ("FCA")

44. The False Claims Act, also known as the "Lincoln Law," 31 U.S.C. § 3729 et seq., was enacted during the Civil War to combat the fraud perpetrated by companies that sold supplies to the Union Army.  As Abraham Lincoln explained more than 150 years ago, *"Truth is generally the best vindication against false claims and slander."*  The FCA was amended in

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 19

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

1986 and it permits an individual or entity ("Relator") with knowledge of fraud and false claims against the government to bring suit on behalf of the government and relator, and to share in any recovery.

45. In this action, Plaintiff Mobile Barriers seeks to vindicate against the false claims and fraudulent misrepresentations, and omissions of material fact, that were knowingly and intentionally asserted by Defendants concerning Plaintiff Mobile Barriers award-winning product known as the "MBT-1[®]" to obtain nearly $200,000 in SPR funds for this SPR 746 Report, and as part of its efforts to market and promote another inoperable and unworkable barrier system known as the "Balsi Beam" in hopes of winning additional research grants for hundreds of thousands of dollars in additional SPR funds.  As part of these wrongful acts and omissions, Defendants provided deficient or worthless services to the government and engaged in double billing.

46. As required by 31 U.S.C. § 3730(b)(2), qui tam plaintiff Mobile Barriers LLC, by its Chairman and CEO Kevin Groeneweg, submits this Disclosure Statement containing substantially all the evidence and information it possesses relating to the complaint in this action.

**Statutory Basis And Elements Of FCA**

47. In its most common application, the FCA imposes liability on any person who "knowingly presents or causes to be presented . . . a false or fraudulent claim for payment or approval" to the federal government.

**Three Elements:**  In addition to proving that the federal government suffered damages resulting from fraudulent claims, Courts generally have interpreted the FCA as requiring three (3) elements in order to establish a violation:

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 20

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

- Defendant(s) must act knowingly;
- Defendant(s) must present a claim for payment or approval to the United States or related governmental entity; and
- Claim must be false or fraudulent.

> **First Element:**  For the first element, Congress rejected requiring a specific intent to defraud. Instead, it adopted a lower standard of scienter, defined as:

   a. "actual knowledge of the information,"
   b. "act[ing] in deliberate ignorance of the truth or falsity," or
   c. "act[ing] in reckless disregard of the truth or falsity." 31 U.S.C. § 3729(b).

The standard is meant to include not only those who seek to defraud the government, but also those who ignore evident warning signs.

> **Second Element:**  As to the second element, the defendant must have presented or caused to be presented a claim for payment to the United States.  31 U.S.C. § 3729(a) (2005).

> **Third Element:**  Third, for FCA liability to attach, the claim must be "false or fraudulent." 31 U.S.C. § 3729(a)(1)  Although the typical FCA case involves overcharging the government under a government contract, FCA cases have also been brought on the theory that products or services furnished to the government were so substandard as to be worthless.  (*See, e.g*., Kathleen H. McGuan, New Uses of the False Claims Act, HEALTH LAWYER NEWS, Dec. 2002, at 37, 41 (discussing healthcare cases brought under worthless service theory); *see, also*, the Qui Tam Blog at http://www.thequitamblog.com/category/healthcare-fraud/healthcare/worthless-service/ (summary of FCA cases that are based on claims involving deficient or worthless services).

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 21

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

48. As indicated above, the FCA has been used to stop the provision of worthless and substandard products and services by defendants to government agencies, and also to ensure that universities and professors do not engage in research misconduct.  (*See, e.g.*, February 6, 2003 DOJ Press Release entitled "Northwestern University Will Pay $5.5 Million To Resolve False Claims Act And Common Law Allegations," with quote from Assistant Attorney General Robert D. McCallum, Jr., head of the Department's Civil Division: "*This settlement illustrates the importance to the United States of ensuring that universities and other institutions make proper use of federal research funds*," attached as Electronic Exhibit " 36" and incorporated by reference.)

49. In this case, both are at issue, i.e., the provision of worthless and substandard services by the Defendants and the corresponding research misconduct.  This Complaint is based on the numerous acts and omissions of which Plaintiff is currently aware.  It is anticipated, however, that additional false claims, fraudulent misrepresentations, material omissions of fact and related activities of the Defendants will be discovered during the investigation phase.  Plaintiff will continue to update the information as the facts are revealed.

**B.  STATE PLANNING AND RESEARCH (SP&R) GUIDE**

50. The State Planning and Research Program (SPR) is authorized by Title 23, USC, and is regulated under 23 CFR Part 420.

51. As explained by the FHWA for the years applicable to this Complaint,

*The Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users (SAFETEA-LU) requires that States set aside 2 percent of the apportionments they receive from the Interstate Maintenance, National Highway System, Surface Transportation, Highway Bridge, Congestion Mitigation and Air Quality Improvement, and Equity Bonus programs for State planning and research activities.*

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 22

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

*Of this amount, States must allocate [funds] for research, development, and technology. These activities involve research on new areas of knowledge; adapting findings to practical applications by developing new technologies; and the transfer of these technologies, including the process of dissemination, demonstration, training, and adoption of innovations by users.  (See,* FHWA Summary Report, State Planning and Research (SPR) Guide, Legislation / Regulation and related documents, attached hereto as Electronic Exhibit "14" and incorporated by reference.)

[Note:  On July 6, 2012, President Obama signed Moving Ahead for Progress in the 21st Century (MAP-21), re-authorizing surface transportation programs through fiscal year 2014.  *See,* FTA.dot.gov with section entitled MAP-21, attached as Electronic Exhibit "15" and incorporated by reference.]

52. Here, by these false claims and omitted material facts as described below, Defendants have violated the False Claims Act and obtained federal SPR monies to which they are not entitled.

C. **RESEARCH MISCONDUCT POLICY (65 FED. REG. 76260)**

53. On December 6, 2000, in connection with the Executive Office of the President, a Federal Policy on Research Misconduct was published.  It explained in relevant part as follows:

*Advances in science, engineering, and all fields of research depend on the reliability of the research record, as do the benefits associated with them in areas such as health and national security. **Sustained public trust in the research enterprise also requires confidence in the research record and in the processes involved in its ongoing development**.... [This policy] applies to research conducted by the Federal agencies, conducted or managed for the Federal government by contractors, or supported by the Federal government **and performed at research institutions, including universities and industry. (Emphasis added.** (See,* Research Misconduct Policy, 65 Fed. Reg. 76260, attached as Electronic Exhibit "16" and incorporated by reference.)

54. President Obama reaffirmed it on March 9, 2009, and on December 17, 2010, the Director of the Office of Science and Technology Policy ("OSTP") issued a memorandum providing further guidance.   On April 10, 2012, the Deputy Secretary of Transportation issued a Memorandum implementing within the U.S. DOT the Administration's policy on scientific integrity.  It highlighted the following:

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 23

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

*The Department is dedicated to preserving the integrity of the research it conducts and funds.  **It will not tolerate misconduct in the performance of these duties nor in the application of these activities to decision making.**  This policy clearly defines the roles and responsibilities of DOT career staff and political appointees in upholding the principles of scientific integrity and conduct.  (See, 4.10.2012 DOT Implementation of Scientific Integrity Policy, attached as Electronic Exhibit "16" and incorporated by reference.)*

55. On information and belief, Defendants violated the Research Misconduct Policy by making false claims and fraudulent misrepresentations, along with omissions of material fact, providing worthless services and doubling billing, as alleged below.

## D.  **CODE OF ETHICS FOR ENGINEERS**

56. The National Society of Professional Engineers ("NSPE") has a Code of Ethics for Engineers that includes the following applicable portions of the Preamble, Fundamental Canons, and Professional Obligations:

**Preamble:**  *Engineering is an important and learned profession.  **As members of this profession, engineers are expected to exhibit the highest standards of honesty and integrity.** Engineering has a direct and vital impact on the quality of life for all people. Accordingly, the services provided by engineers require honesty, impartiality, fairness, and equity, and must be dedicated to the protection of the public health, safety, and welfare.* **Engineers must perform under a standard of professional behavior that requires adherence to the highest principles of ethical conduct.**

**I.  Fundamental Canons:**  *Engineers, in the fulfillment of their professional duties, shall:*

1. *Hold paramount the safety, health, and welfare of the public.*
2. *Perform services only in areas of their competence.*
3. *Issue public statements only in an objective and truthful manner.*
4. *Act for each employer or client as faithful agents or trustees.*
5. *Avoid deceptive acts.*
6. ***Conduct themselves honorably, responsibly, ethically, and lawfully so as to enhance the honor, reputation, and usefulness of the profession....***

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 24

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

**II. Rules of Practice**

  3. *Engineers shall issue public statements only in an objective and truthful manner.*

   a. **<u>*Engineers shall be objective and truthful in professional reports, statements, or testimony.*</u>** *They shall include all relevant and pertinent information in such reports, statements, or testimony, which should bear the date indicating when it was current.*

**III. Professional Obligations [applicable provisions]:**

  1. **<u>*Engineers shall be guided in all their relations by the highest standards of honesty and integrity*</u>**….

  2. *Engineers shall at all times strive to serve the public interest*….

  3. **<u>*Engineers shall avoid all conduct or practice that deceives the public.*</u>**

   a. **<u>*Engineers shall avoid the use of statements containing a material misrepresentation of fact or omitting a material fact.*</u>**

[*See,* NPSE Code of Ethics, Preamble, Fundamental Canons, Professional Obligations, pp. 1-2, attached as Electronic Exhibit "19" and incorporated by reference; Emphasis added.]

57. As detailed herein, Defendants have violated these principles, canons and professional obligations in their issuance of false claims, omissions of material facts, provision of worthless services, and double billing to the Government, and all such penalties and fines should be assessed against them.

## VII. <u>FACTUAL BASIS OF CLAIMS</u>

### A. <u>PLAINTIFF MOBILE BARRIERS MBT-1®</u>

#### 1. <u>Origins and Functionality</u>

58. It is well established that roadway work zones are hazardous both for motorists who drive through the complex array of signs, barrels, and lane changes and for the workers who build, repair, and maintain our Nation's streets, bridges, and highways.  (*See, e.g.,* CDC, Workplace Safety & Health Topics, "Highway Work Zones.")  According to the National Motorists Association ("NMA"), "*Accidental deaths in highway construction zones across the*

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 25

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

United States averaged 850 per year between 2006 and 2008.  Injuries in these work zones have been estimated at 40,000 per year." (*See, e.g.*, NMA report attached as Electronic Exhibit "13" and incorporated by reference.

59. Plaintiff Mobile Barriers of Golden, Colorado designed, built, and manufactured the "MBT-1®" for improving safety, efficiency & traffic flows in and around work zones, which consists of an "integrated, rigid wall, semi-trailer" pulled by an ordinary semi-tractor to provide safety and protection in a variety of settings such as highway construction, maintenance, and security. The walls on MBT-1® are nearly 5' high and help provide both a physical and visual barrier to passing traffic (*See, e.g.,* Mobile Barriers Design and Functionality Information and related materials attached as Electronic Exhibit "4" and incorporated by reference.)

60. Mobile Barriers MBT-1® can provide work crews 42-102 feet of protected work space.  The length of the MBT-1® trailer can be modified and simply driven at speed to the job site. Starting from the two wheeled platforms and a length of about 40 feet, the trailer can be expanded to a maximum length of 100 feet by adding three 20-foot wall sections. The trailer can be towed from either end, allowing it to be used for protection on either side (*Id.* at Electronic Exhibit "5").

61. Along with the protection of the workers, the trailer can provide worksites with a variety of amenities. Such amenities include light sources, storage containers, integrated power, and a truck mounted attenuator (*Id.* at Electronic Exhibit "5."). The presence of these amenities reduces the number of collateral vehicles that need to be mobilized and located in the work area and provides the amenities in close proximity to the workers.

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 26

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

## 2.   **MBT-1® Has Received National And International Awards**

62. In addition to ATSSA's Innovation of the Year Award for 2009, the MBT-1® has since received accolades for improving safety, efficiency and traffic flows in and around work zones, including national and international awards from the American Road & Transportation Builders Association (ARTBA) and the International Road Federation (IRF).

63. Specifically, in 2012, MBT-1® received awards from ARTBA and the IRF for innovations in safety and technology (*see, e.g.*, ARTBA Award 2012; IRF Award 2012, attached as Electronic Exhibit "5" and incorporated by reference.)   The ARTBA award recognized the MBT-1®'s importance in improving safety in and around work zones for workers and motorists alike. The IRF recognized that MBT-1® was designed with safety in mind, but also provides improvements in productivity, reduces the need for collateral equipment, and provides workers with more time and space to perform their tasks.  (*Id.*)

64. Mobile Barriers MBT-1® was tested and is FHWA accepted/eligible for reimbursement and use on the National Highway System under both National Cooperative Highway Research Program (NCHRP) 350 & MASH, at both the TL-2 & TL-3 levels.  Mobile Barriers MBT-1® is the only such mobile device which has been so tested, submitted and accepted by FHWA.  In use, it has been hit by 2 semi-trucks with nominal damage (Oregon). (*See, e.g.,* crash tests and related materials attached as Electronic Exhibit "6" and incorporated by reference.)

## 3.   **Usage Of Mobile Barriers MBT-1® Across The Country And In Canada**

65. **Colorado:**  The Colorado Department of Transportation (CDOT) now has three (3) MBT-1®.  A study in Colorado (Hallowell et al. 2009) investigated the potential effectiveness of the MBT-1® in work zones.  The study noted various attributes including significant advantages

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 27

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

in the MBT-1®'s lighting schemes, programmable message board and radar, higher 5' walls, increased overall mass, higher TL-3 crash-testing, and the overall simplicity and mobility (no on-road deployment required – workers can pull into place and immediately go to work). Since work zone power, signage and work area lighting systems are integrated with the MBT-1®, the systems are always in optimal location relative to the work activity.  (*See*, Dr. Hollowell study attached as Electronic Exhibit "7" and incorporated by reference.)

66. **New York and New Jersey:**  There are three (3) MBT-1® in NY and NJ (one owned by a private entity for use by New York and other New England authorities and contractors, and a third owned by the NJ DOT).  In their report on NJ DOT's MBT-1®, Kamga and Washington (2009) found that the MBT-1®'s functional requirements were state-of-the-art for work zone positive protection against lateral intrusions by vehicles. The authors stated the MBT-1® far exceeded expectations to protect workers from bodily injuries caused by errant vehicles and also protected drivers from possible injuries with its TMA and unique ability to rock slightly on its suspension while turning and redirecting crash energy. They noted the barrier's mobility both to the site and on the site was another attractive feature when considering the implementation of this barrier on a given road construction project, due to decreased set-up time compared to more traditional traffic control devices.  (*See, e.g*., Kamga and Washington Report and related information attached as Electronic Exhibit "8" and incorporated by reference.)

67. **Texas:**  There will be ten (10) MBT-1® operating in Texas by late summer 2014. North Texas Tollway Authority (NTTA) likewise acquired one (1) of the first MBT-1®, and now has three (3) operating on its roadways (two under direct ownership and a third under contract). It is in the process of obtaining a fourth.  NTTA and its contractors use the barriers heavily and have reported positive experiences in various articles and a Transportation Research Board

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 28

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

(TRB) presentation (Bloschock, 2010). Pickard (2009) and NTTA (2011) report that maintenance staff quickly experienced its ease of use and protection, and use them daily. Texas Department of Transportation ("TxDOT") had experience with the barriers of NTTA and acquired their own last year. TxDOT has now placed orders for six (6) more for delivery by late summer. (*See, e.g.*, reports and articles on usage of the MBT-1® in Texas attached as Electronic Exhibit "9" and incorporated by reference.)

68. **<u>Ontario, Canada:</u>**   There are now seven (7) MBT-1® operating in Canada (and at times more as needed). There have typically been three to six (3-6) MBT-1® in Ontario, Canada where they are used extensively. The Ministry of Transportation has found them to be saving both time and money. (*See, e.g.,* Graham, et. al. 2011, and Buchanan & Phillips 2011, article and audio interviews attached as Electronic Exhibit "10" and incorporated by reference.) Deployments are now also expanding into Western Canada. Additional MBT-1® are moved and used throughout other parts of Eastern and Western Canada. Mobile Barriers MBT-1® was honored to be featured in the opening plenary section of the 2013 Annual Meeting of the Transportation Association of Canada ("TAC"). (*Id.* at Electronic Exhibit "10.")

69. In an interview with *Better Roads* magazine, MBT-1® users in Texas and Colorado accredited it with helping minimize traffic disruption and maximizing worker safety in short-duration, rapid-work zones, while at the same time increasing efficiency and productivity. (*See, e.g.*, Barbaccia Report, Better Roads magazine (2011) and related information attached as Electronic Exhibit "11" and incorporated by reference.)

70. Mobile Barriers MBT-1® has been presented and highlighted at numerous national and international conferences and meetings, as well as in various articles and television news stories (NBC-Denver 2008, CW-DFW 2009, NBC-DFW 2010). (*See, e.g.*, "Highlights" and

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 29

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone: (404) 345-2737

"Recent News" at www.mobilebarriers.com, attached as Electronic Exhibit "13" and incorporated by reference.)

### 4.  **Mobile Barriers MBT-1® Is A Leader In The Industry And Innovator Of Safety**

71. Mobile Barriers also established itself as a leader in the industry and innovator of safety for not only construction zone workers, but also for the motorists who pass by the zones. "*Called the "perfect tool" for various types of road, bridge, and tunnel work, the award winning Mobile Barriers MBT-1® is receiving increasing accolades for improving worker safety and efficiency, while also helping to improve the safety and mobility of passing traffic in and around temporary work zones*."  (*See, e.g.,* Modern Contractor Magazine, April 2014 attached as Electronic Exhibit "9" and incorporated by reference.)

### B.  **DEFENDANTS SUBMITTED FALSE CLAIMS AND SOUGHT SPR FUNDS**

72. After years of developing the MBT-1® and ensuring the safety of countless workers and motorists, a professor and his undergraduate assistant sought nearly $200,000 in SPR funds for the SPR 746 Report concerning Mobile Barriers MBT-1®, but produced a Report with false claims, omissions of material fact, produced worthless services, and engaged in double billing.

### 1.  **Defendants Were Approved For SPR Research Project To Evaluate MBT-1®**

73. On information and belief, in or before early 2011, Defendants Gambatese and Tymvios applied for a grant from the Oregon Department of Transportation ("ODOT") for SPR funds for a research project to evaluate the MBT-1®.  The overall goal of this investigation was to assist ODOT in evaluating the benefits and limitations of using a mobile barrier system ("MBS"), *i.e.,* the Mobile Barriers MBT-1®.

74. On information and belief, the ODOT entered into a contract with the School of Civil and Construction Engineering at Defendant OSU to study the implementation of a Mobile

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 30

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

Barriers MBT-1® on maintenance and construction worksites and to develop guidelines for its optimal implementation in practice for ODOT activities.

75. On information and belief, the specific objectives of the research study were as follows:

*1. Evaluate an MBS [i.e., MBT-1®] when used during representative ODOT maintenance activities (case study projects). The performance metrics to be evaluated are:*

    *a. time required to set up and break down the system;*
    *b. limitations and enhancements to the work operations;*
    *c. worker safety and safety perception;*
    *d. worker productivity;*
    *e. motorist safety and safety perception; and*
    *f. system performance based on project/worksite attributes.*

*This objective also includes determining and assessing any adverse effects of transporting the MBS [i.e., MBT-1®] to/from a work zone.*

*2. Evaluate the same performance metrics of traditional work zone protection practice when used during representative ODOT maintenance activities (comparison projects).*

*3. Compare the performance of the MBS [i.e., MBT-1®] to that of traditional work zone protection practice based on the identified performance metrics.*

*4. Develop guidance for ODOT and construction contractors to reference when planning and using an MBS [i.e., MBT-1®] for maintenance activities and potential use on ODOT construction projects.*

*(See,* SPR 746 Report, p. 5, attached as Electronic Exhibit "1" and incorporated by reference.)

76. On information and belief, to achieve the research goals and meet the stated objectives, seven (7) primary research activities were planned for the study: (1) Study Initiation; (2) Literature Review; (3) Project Case Study Identification; (4) Site Application and Testing of MBS and Traditional Protective measures; (5) Data analysis and System Evaluation; (6) Development of Guidelines for Implementation; (7) Preparation of Draft and Final SPR 746 Reports.

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 31

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone: (404) 345-2737

### 2. Defendants Had Ongoing Contacts With Colorado For Research And Report

#### a) Defendants Evaluated MBT-1®, Manufactured By Mobile Barriers Of Colorado

77. On information and belief, in or before June 2011, Defendants OSU, Gambatese and Tymvios commenced the 7 primary research activities. In connection therewith, they acknowledged and understood that the MBT-1® is a patented product manufactured by Mobile Barriers, LLC, of Golden, Colorado.

#### b) Defendants Relied Heavily On Guidelines Developed In Colorado By CDOT

78. As set forth in the SPR 746 Report, as part of the second research activity involving "Literature Review," Defendants Gambatese, and Tymvios paid special attention to and emphasized the Guidelines that had been **developed in Colorado**. They highlighted specific Guidelines of the Colorado Department of Transportation ("CDOT") that had been developed in connection with CDOT's use of a Mobile Barriers MBT-1® here in Colorado. Specifically, the SPR 746 Report included the following Section:

*2.2.9 Guidelines for Portable Maintenance Barriers*

*Positive protection measures are becoming more common in highway maintenance and construction. FHWA has federal regulations on positive protection barriers (23 CFR 660.1102 to 630.1110). As a result, state DOTs are developing guidelines following FHWA's framework to facilitate and standardize their use. **One set of guidelines was developed by the Colorado Department of Transportation (CDOT).** Included in the CDOT guidelines are suggestions regarding when to use positive protection measures on projects and factors to consider when implementing these measures. The factors identified in the report are separated into three categories which are: Primary Factors, Special Factors, and Secondary Factors (**CDOT 2010**). The Primary Factors are the following:*

- *Clear Zone Distances,*

- *Roadside Geometry,*

- *Anticipated Traffic Volumes,*

- *Work Zone Speeds,*

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 32

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone: (404) 345-2737

• *Roadway Geometry, and*

• *Duration.*

**The following is the list of Special Factors included in the CDOT guidelines (CDOT 2010):**

• *Worker Safety,*

• *Pedestrian Safety,*

• *Separating Opposing Traffic, and*

• *Law Enforcement.*

**Lastly, CDOT lists the following Secondary Factors to consider (CDOT 2010):**

• *Crash History,*

• *Impacts on Project Cost and Duration,*

• *Impacts on Available Lane Width,*

• *Roadway Classification,*

• *Work Area Restrictions, and*

• *Bridge Construction.*

**The CDOT report concludes that there are great benefits in using positive protection measures in the appropriate situations where the measures can improve safety for the workers and motorists.** *The report also stresses that the guidelines should be used in conjunction with engineering judgment to determine the best use of these measures.* **Finally, the report also lists the MBT-1® as a positive protection device that can be implemented.**

 (*See,* SPR 746 Report, pp. 14-15, attached as Electronic Exhibit "1" and incorporated by reference; Emphasis added.)

**c)  Defendants Relied On A Recent Study Conducted At University Of Colorado**

79. As part of its SPR 746 Report, the Defendants Gambatese, and Tymvios further

referenced and relied on a recent study conducted at the **University of Colorado at Boulder in**

**2010 by Matthew Hallowell** regarding use of the MBT-1®  The first part of said study discussed

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 33

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

use of the MBT-1® barrier.   The second part specifically noted the lighting.   Defendants knowingly and intentionally failed to include the important information from the first part of the study about the use of the MBT-1® barrier, and only cited to the latter part of the study concerning the lighting.   Specifically, Defendants reported:

*2.6.2.2 Work Site Illumination using the MBT-1*

*As discussed previously, the MBT-1 is designed to facilitate roadway construction under a variety of road and weather conditions, including nighttime work.* ___In a recent study conducted at the University of Colorado at Boulder (Hallowell et al. 2010), the worksite lighting capabilities of the MBT-1 were evaluated.___  *[Emphasis added.]*

*Specifically the study investigated the quality of the lighting on the MBT-1, and provided recommendations for future uses of the barrier. The quality of the lighting schemes was evaluated for illuminance, glare, and shadowing relationships. The researchers used one, two, and three light pole configurations, and the light poles had heights of 9 and 12 feet.*

*The researchers concluded that the MBT-1 could have a significant positive impact on worksite safety. In addition to providing a solid 100-foot barrier between workers and traffic, the fully illuminated barrier helps workers to be visible to operators of other pieces of mobile equipment. The MBT-1 has multiple light source layout possibilities. The possibility of installing multiple posts on the trailer reduces shadowing, providing light to the whole work zone even when one source is obstructed by heavy equipment.*

*The researchers provide the following recommendations for future users of the MBT-1  (Hallowell et al. 2010):*
- *Utilize the maximum number of light poles available for the MBT-1 setup deployed.*
- *Conduct the most difficult work tasks as close to the barrier system as possible for "maximum brightness and minimum glare".*
- *Fully extending the telescoping poles to 12 feet (from a mid-height of 9 feet) to achieve "the greatest shadow reduction".*

*(See,* SPR 746 Report, pp. 35-36, attached as Electronic Exhibit " 1" and incorporated by reference.)

**d)   Defendants Entered Into Agreement With "Research Partner" From Colorado**

80. On information and belief, not only did Defendants OSU, Gambatese and Tymvios rely on a recent study conducted at the University of Colorado at Boulder (Hallowell et al 2010)

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 34

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

to evaluate the capabilities of the MBT-1®, but they also entered into an agreement with Dr. Matthew Hallowell of the University of Colorado at Boulder to become a designated and highlighted "Research Partner." (*See,* link to Gambatese Research Partners listing on website, attached as Electronic Exhibit "22" and incorporated by reference.)

    e)  **Defendants Contacted Plaintiff And Other Colorado Customers For Research, But Acted In An Unprofessional Manner And Created Problems**

    81. As part of its SPR 746 Report, Defendants OSU, Gambatese and Tymvios contacted Plaintiff Mobile Barriers on or about July 12, 2011 as follows:

> *From: ntymvios@gmail.com [mailto:ntymvios@gmail.com] On Behalf Of Nicholas Tymvios*
> *Sent: Tuesday, July 12, 2011 6:01 PM*
> *To: kevin@iwapi.com*
> *Cc: John A Gambatese*
> *Subject: Request for help in ODOT Mobile Barrier study Dear Mr. Groeneweg*
>
> *My name is Nicholas Tymvios and I am the graduate student involved in the Mobile Barrier Research project that Oregon State University is conducting for ODOT. We met when you came to Portland for the demonstration of the Mobile Barrier for the ODOT personnel*
>
> *We are currently working in the literature review section of the project, and we are trying to collect information regarding the Mobile Barrier experiences that other DOT's have had. For that task to be completed, we would like to have information on which states have purchased the Mobile Barrier. Also we would like to have, if possible, a contact person in these DOT's in order to gather their first hand experiences.*
>
> *Please contact me if you have any questions regarding my request.*
>
> *Thank you in advance,*
> *--*
> *Nicholas Tymvios*
> *Graduate Student*
> *220 Owen Hall*
> *Civil & Construction Engineering*
> *Oregon State University*
> *Corvallis, OR 97331*
> *Tel: 541 908 6473*
> *email: tymviosn@onid.orst.edu*

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 35

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone: (404) 345-2737

82. In response, the Chairman and CEO Kevin Groeneweg of Mobile Barriers responded on July 18, 2012 that he was hesitant to bother others on this.  He explained that Mobile Barriers has a lot of information on its website, including articles, stories, and reports on how others have been using the MBT-1®.  Mr. Groeneweg stated that it would be most interesting to hear more regarding when, where and how the Oregon Department of Transportation (ODOT) uses it.  (*See, e.g.*, Defendant Tymvios' emails with Mobile Barriers and responses thereto attached as Electronic Exhibit "25" and incorporated by reference.)

83. Mr. Groeneweg followed up his email with a telephone call to Defendant Tymvios and further mentioned that toll ways and contractors were outpacing the DOT's in terms of deployments.  For example, the Ministry of Transportation of Ontario was doing all its work through contractors, and Mr. Groeneweg explained that Defendants really needed to look more broadly at how the MBT-1® was being used.  As a result of the call, Mr. Groeneweg understood that Defendant Tymvios was in agreement to not contact Mobile Barriers' customers initially, and instead draw on the many materials available on Plaintiff's web site, and focus on ODOT's use and experiences to further their understanding and research.

84. Defendant Tymvios ignored this request and later in December 2011 he in fact contacted Colorado Department of Transportation (Colorado DOT or CDOT) Head of Research, Jake Kononov.  Mr. Kononov referred him to Region 4 and the work crews.  On information and belief, in response to the initial call back from the Region 4 work crews, Defendant Tymvios said he was too sleepy to talk, and he asked them to call back later.  In a subsequent conversation, Defendant Tymvios was then somewhat negative and asserted that the Oregon DOT had only used the MBT-1® a few times and was unsure about it.  The work crews informed Mr. Kononov

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 36

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

about this conversation.  He was so concerned that he called Plaintiff to report this conversation and encouraged Mobile Barriers to contact OSU and ODOT to notify them of the discussion.

85. Mr. Groeneweg contacted both the Defendants Tymvios and Gambatese and explained to them it was one thing to disregard his earlier request not to bother Mobile Barriers' clients (especially without so much as a follow-up call to discuss it with Mobile Barriers first), but it was even worse to offend the clients in the process.  Mr. Groeneweg emphasized that these are highly valued clients and Mobile Barriers does not want to offend or lose them.  Mr. Groeneweg asked the Defendants to better involve him and Mobile Barriers local representative in the research activities.  He further asked Defendant professor Gambatese to take a more direct role in supervising Defendant graduate student Tymvios.  (*See, e.g.,* Mobile Barriers and customers' communications attached as Electronic Exhibit "25" and incorporated by reference.)

86. When Plaintiff raised concerns with ODOT that Mr. Tymvios was offending its customers, ODOT appointed Mobile Barriers' local representative John Stockman as a "friend" of the Research Advisory Committee ("RAC") Expert Task Group ("ETG") for Maintenance and Operations.  Interestingly enough, Mobile Barriers was subsequently never invited to attend any meetings of this special committee, and on information and belief the committee never hosted any meetings or calls, and never conducted any business.  (*See,* RAC ETG for Maintenance and Operations attached as Electronic Exhibit "27" and incorporated by reference.)

87. On information and belief, in the ODOT 2011 Quarterly update, it actually blamed Plaintiff Mobile Barriers for this incident.  On page 3 of the Quarterly update, ODOT reported: "*Problems – Temporary interruption of the effort to contact other DOTs in order to address concerns of the mobile barrier manufacturer.*"  (*See,* 2011 Quarterly Report, p. 3, attached as Electronic Exhibit "26" and incorporated by reference.)

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

88. Significantly, in this same Quarterly update, ODOT referenced the fact that the MBT-1® barriers were being used in Colorado, Texas and Ontario, Canada, for example, but the Defendants did not include much of any of this information in their findings in the SPR 746 Report, and knowingly and intentionally failed to even reference the various articles, news video, audio interviews, and related materials that are conveniently compiled on Plaintiff's web site regarding the use by each of them.  (*Id.*)

**f)   Defendants Referenced Their Discussions With CDOT In The SPR 746 Report**

89. In addition to the Defendants' review of and reliance on the literature that was generated in Colorado by the CDOT, the Defendants Gambatese and Tymvios further made special contacts with personnel from CDOT:

*2.5.1 Follow-up Survey of Current Practices of State Agencies*

*The previously discussed survey did not provide any additional information regarding the use of the Balsi Beam and the MBT-1® in other states. For that reason the researchers decided to contact MBT-1® users directly in the states and transportation agencies which were known to have one or more MBT-1®. Through the MBT-1® manufacturer's website (Mobile Barriers 2012), input from Mobile Barriers, LLC (Stockton 2011), and through an internet search using keywords "mobile" and "barrier" on www.google.com, the researchers identified MBT-1®'s in use and current users of MBT-1®'s in the US and Canada. Specifically MBT-1® mobile barriers are present in the following US states and Canadian provinces:*

- *Colorado: Colorado DOT operates three MBT-1® s.*

- *Texas: MBT-1®s are operated in Texas by the North Texas Tollway Authority (NTTA). NTTA owns and operates three MBT-1®s for its maintenance and construction operations.*

- *New York/New Jersey: There are three MBT-1®s in the NY/NJ area. The MBT-1® trailers are owned by a private company, Impact Absorption, which leases the barriers to contractors in the area.*

- *Oregon: In Oregon, one MBT-1® was purchased by ODOT and it is the subject of this research study.*

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 38

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

- *Ontario: Three MBT-1®s are located in Toronto. The MBT-1® trailers are owned by a private company, Powell Mobile Barriers, which leases the barriers to contractors in Ontario.*

*Attempts were made to contact personnel in the various locations where the MBT-1® are operating. The researchers contacted the personnel via the telephone to conduct an interview using the same survey questions asked as part of the State DOT on-line survey described above. The intent of the interviews was to identify the types of MBT-1® barriers used in the other states and their effects on safety, supervision of work, and productivity. Those contacted and interviewed were personnel involved in the deployment and operation of the MBT-1® in each agency/organization. **A total of three interviews were conducted.** A summary of the responses from those contacted and interviewed is provided below…*

*(See, SPR 746 Report, pp. 32-33, attached as Electronic Exhibit "1" and incorporated by reference.)*

90. Significantly, even though Defendants acknowledged in the SPR 746 Report that Texas NTTA owns at least 3 MBT-1®, on information and belief Defendants knowingly and intentionally opted to not contact the NTTA to discuss the effects of the MBT-1® on safety, supervision of work, and productivity. Defendants further knowingly and intentionally failed to include such statements, or any of the information contained in numerous articles and presentations on use in Texas, in the SPR 746 Report because Defendants knew that the input and comments from from Texas would contain many positive accolades and glowing reports.

91. This was confirmed with two (2) recent industry publications on the use of the MBT-1® in Texas. (*See, e.g.,* two articles in Modern Contractor magazine and Fleet Owner dated July 2014, attached hereto as Electronic Exhibit "9" and incorporated by reference.)

This intentional omission of material facts about the usage of the MBT-1® in Texas and the positive feedback and reports made the SPR 746 Report incomplete, inaccurate, and misleading to its readers, who relied on it to make decisions about the safety and welfare of their State highway workers and motorists.

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 39

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone: (404) 345-2737

### g)  Defendants Traveled To Colorado For A Conference And To Present Research

92. On information and belief, on or about July 8-11, 2012, Defendant Gambatese, on behalf of himself and as authorized by OSU, traveled to Colorado to attend and participate in the Western Association of State Highway and Transportation Officials ("WASHTO") Conference in Colorado Springs, Colorado.   While visiting the State of Colorado and the WASHTO Conference, Defendant Gamabatese availed himself of the opportunities and presented a Power Point presentation to the attendees that was entitled "Mobile Protective Barrier System."  As part of its presentation, Defendants specifically evaluated and discussed the Mobile Barriers MBT-1[®].  Defendants reported on various pilot tests and case studies.

93. Attendees at the WASHTO Conference included leaders, decision makers, and actual and potential clients of Plaintiff, including numerous representatives from the Colorado Department of Transportation ("CDOT"), and other State DOTs.  (*See,* Defendants' WASHTO Power Point Presentation and list of attendees attached hereto as Electronic Exhibit "19" and incorporated by reference.)

### C.  DEFENDANTS MADE FALSE COMPARISONS TO "BALSI BEAM" TO GAIN FAVOR AND BE APPROVED FOR ADDITIONAL FUNDING

94. In the SPR 746 Report, Defendants falsely included a comparison of the Mobile Barriers MBT-1[®] with the barrier system known as the "Balsi Beam," suggesting or implying that both will provide the same protection and benefits for highway construction zone work. Defendants knew such comparisons were false and misplaced since the California DOT (Caltrans) barrier systems known as the "Balsi Beam" is not available for commercial use and it is not speed appropriate for use on the interstate highway system.

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 40

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

95. Specifically, on information and belief, the Balsi Beam is limited to road conditions **where the vehicular impact does not exceed 43 mph** and has never been approved for usage on the national highway system by the FHWA.  (*See, e.g.,* "Recommendations" on page 31 of Balsi Beam crash report attached as Electronic Exhibit " 29" and incorporated by this reference: "*Based on the computer modeling and the limited full-scale crash testing, it is recommended that the PMWB (also known as the Balsi Beam) be approved for use in locations where appropriate. These locations should be evaluated to ensure that the potential for vehicle impacts to **not exceed Test Level 2 conditions (i.e. under 70 km/h (43 mph)**"*; *see, also*, comparison of MBT-1® crash report versus Balsi Beam crash report attached as Electronic Exhibit "28" and incorporated by this reference.)

96. Significantly, the Balsi Beam crash report, which shows it is limited to road conditions where the vehicular impact does not exceed 43 mph, has never been posted on the FHWA website.  (*See, generally*, the FHWA list of approved and tested "crashworthy" devices at http://safety.fhwa.dot.gov/roadway_dept/policy_guide/road_hardware/listing.cfm.  Click on the "longitudinal barriers" link, and then search by keyword "movable barriers."  The MBT-1® is third on approved list, but the Balsi Beam is missing from the list altogether.  Further, on information and belief, there is no Federal or State Department of Transportation, tollway, or contractor (i.e., nobody) that has ever acquired a Balsi Beam except for Caltrans.

97. On information and belief, the Balsi Beam was designed and a "working" prototype was completed between 2001 to 2003.   The Balsi Beam then went on "tour" in the Summer of 2004 and visited Oregon, among other States, and developed close relationships with personnel at the Oregon Department of Transportation.  It was reported in the FHWA Newsletter entitled

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 41

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

"Focus," dated July 2004, as follows:  *"In Oregon, demonstrations were held in Portland and Salem for Oregon Department of Transportation and FHWA staff."*

98. On information and belief, over the next five (5) years, the Balsi Beam was not further developed or deployed.

99. In July 2010, Caltrans released a technical report prepared by the California Center for Innovative Transportation ("CCIT") entitled "Balsi Beam:  Technology Transfer and Deployment."  In this technical report "Fact Sheet," it was reported that the executive period for preparing the report was from 10/01/2007 – 02/27/2009, and the contract amount for the technical report was $696,000.  On information and belief, the Balsi Beam technology transfer and deployment were never completed:  *"However, the project was not fully completed due to Caltrans' request for terminating the project dated on 02/27/2009."*

100.    During the years from 2008-2010, Caltrans conducted four (4) research studies and spent $2.3 million to build four (4) additional Balsi Beam barriers at a cost of approximately $550,000 each.  On information and belief, these research studies were being done by the same Caltrans executives and personnel who had developed it, and were now marketing and promoting the Balsi Beam.  However, the Balsi Beam prototypes did not work, and according to Caltrans sources, they could not be safely kept on the road because of the numerous operational and functional problems with them.

101.    At the commencement of the subject SPR 746 Report for the MBT-1[®], on information and belief, Defendants Gambatese and Tymvios clearly knew or should have known that the Balsi Beam had been repeatedly studied and tested over many years – *but was never independently tested, tested to interstate speeds, or accepted by FHWA, plus it had numerous issues with what tests had been run and in-service performance.*  In the end, it still did not work

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 42

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

and was non-functional for highway use.  Thus, it was false, misleading, and inaccurate for Defendants Gambatese and Tymvios to assert and/or imply that it was a comparable or viable alternative to the MBT-1®.

102.    Nothing in the original project description required Defendants to review the Balsi Beam or the other movable barriers.  On information and belief, Defendants included the comparison of the incompatible, mismatched, and commercially unsuitable Balsi Beam in an attempt to gain further funding and sponsorship for themselves from Caltrans and/or FHWA (sponsor of this SPR 746 Report and co-sponsor of the Balsi Beam development and studies), and to help sell and/or promote the Balsi Beam as a competitive alternative to the MBT-1®.

103.    Specifically, as part of this effort, Defendants sought to obtain FHWA SPR funding or support for the non-functional Balsi Beam.

### D. DEFENDANTS RELEASED "DRAFT" REPORT WITHOUT CONSULTING PLAINTIFF AS PROMISED, AND OFFERED ONLY SHORT RESPONSE TIME

104.    During the initial discussions about the SPR 746 Report, Defendants were silent about the timing and/or the release of the SPR 746 Report.  Following repeated requests by Plaintiff Mobile Barriers for updates, Defendants stated that they were still drafting the SPR 746 Report.  For nine (9) months the Defendants told Mobile Barriers that the SPR 746 Report was still a work in process, but they agreed to contact Plaintiff Mobile Barriers to provide Plaintiff with ample time to review and provide input concerning the SPR 746 Report before it was published.

105.    Regrettably, Defendants failed to do so.  On information and belief, Defendants did a presentation on the initial findings of the SPR 746 Report in the summer of 2012, and continued to reassure Mobile Barriers repeatedly through March 2013 that it would be involved

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 43

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

and have an opportunity to provide feedback. (*See, e.g.*, emails from John Lazarus of ODOT to John Stockman of Mobile Barriers dated March 11, 2013, attached as Electronic Exhibit "31" and incorporated by reference.)   Without contacting Plaintiff Mobile Barriers, Defendants drafted an initial report entitled "EVALUATION OF A MOBILE WORK ZONE BARRIER SYSTEM – SPR 746" ("the Initial SPR 746 Report"), dated February 2013.   (*See*, SPR 746 Report [Draft] attached hereto as Electronic Exhibit "2" and incorporated by reference.)

106.    In or about February 2013, Defendants informed Plaintiff that a draft of the SPR 746 Report had been prepared, and Plaintiff was given only a short time to review the 172-page detailed Initial SPR 746 Report and provide comments. (*Id.*).

107.    Plaintiff Mobile Barriers was concerned with this lack of notice and adequate time to respond, but was informed that others on the research committee had reviewed and commented on the draft SPR 746 Report.  Contrary to Defendants' representations, Plaintiff was unable to find a single committee member who had done so.

108.    As explained in detail below, Plaintiff provided a redlined copy of its revisions and an Appendix with an expanded explanation of the concerns.

**E.   PLAINTIFF RESPONDED TO DRAFT SPR 746 REPORT**

**1.   Plaintiff Submitted Redlined Copy of SPR 746 Report With Corrections**

109.    In response to the February 2013 Draft SPR 746 Report, on or about February 20, 2013 Mobile Barriers provided a redlined copy with its proposed concerns and inaccurate statements. (*See*, redlined copy of the SPR 746 Report with Mobile Barriers' comments attached as Electronic Exhibit "2 and incorporated herein by this reference.)

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 44

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

## 2. **Plaintiff Submitted An Appendix To Explain In Detail The Concerns**

110.    Mobile Barriers further included an "Appendix" to the redlined corrections, and explained in detail the following significant concerns and issues with the Draft SPR 746 Report (*see,* detailed Appendix "A" attached as Electronic Exhibit "3" and incorporated herein by this reference, with bolding and highlighted bullet points added below):

*Appendix A*

*To ODOT Letter re SPR 746*

*The following provides additional detail regarding concerns and issues raised in the SPR 746 Report and recently discovered to have already been published by ODOT in connection with SPR 746:*

1. ***[SPR 746 Report Included Erroneous References to Mobile Barriers] Name and trademark.***
   - *The proper product name is Mobile Barriers MBT-1® ("MBT-1®") rather than "Mobile Barrier System TM (MBS)".*
   - *As set forth in applicable paperwork in connection with its internationally recognized World Manufacturer Identifier Code issued by the National Highway Traffic Safety Administration pursuant to 49 CFR 565, Mobile Barriers refers to the manufacturer (Mobile Barriers LLC or Mobile Barriers for short) and MBT-1® refers to the make/model. Mobile Barriers and Design, as well as MBT-1® are registered trademarks.*
   - *We'd ask that neither identification of the manufacturer or product, nor such trademarks, be confused or diluted with other references.*

2. ***Mobile Barriers MBT-1® is the only commercially available mobile barrier, speed appropriate and suitable for TL-3 usage on the National Highway System ("NHS").***
   - *Caltrans' Balsi Beam ("BB") is neither commercially available nor speed appropriate for use on the interstate system.*
   - *Caltrans only internally tested the BB and its own crash report limits usage to situations where the potential for impact not exceed 43 mph.*
   - *There are noted problems with the BB and per multiple reports over the last year or so, most of their units are not in operation and there are recognized functional problems (including bolt sheer and lock-up on the roadways).*
   - *The BB was only ever internally crash tested by Caltrans and there are noted problems with those tests.*

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

- *The tests were never submitted to or accepted by FHWA, and the BB is not on the Office of Safety's list of accepted/Federal-Aid Eligible devices as maintained by it pursuant to NCHRP 350 & MASH, the applicable FHWA/AASHTO implementation letters, and the FHWA Office of Safety Memo of 5/21/12.*
- *Caltrans had published problems licensing manufacturing rights to other States.*
- *It's only known licensee (NTTA) shelved the license upon learning of Mobile Barriers MBT-1® and acquired the MBT-1® instead. It now has three MBT-1® operating on its roadways, heavily used the MBT-1® and has often contacted and widely reported in applicable trade magazines.*
- *Caltrans senior management has acknowledged that their people neither like nor are using the BB (other than perhaps one crew), that they have mechanical issues with it, that most BB are setting unused, that MBT-1® may be a better design, and they should reconsider use of Mobile Barriers MBT-1® within the State of California.*
- *Mobile Barriers MBT-1® is the only such barrier to be tested, accepted and listed by FHWA, under both NCHRP 350 and MASH, for speed appropriate TL-3 use on the NHS.*
- *The BB has not been accepted by anyone but Caltrans, and such acceptance does not substitute for national acceptance by FHWA or transfer to other States without additional analysis, as clearly indicated the Office of Safety's Memo of 5/21/12 (compiled and conveniently available on Mobile Barriers web site). The only BB that anyone has acquired were acquired by the person there that takes credit for developing it (at minimum a conflict of interest). No other state or entity has acquired the BB.*
- *Anyone that has compared the two and acquired one, has acquired Mobile Barriers MBT-1®.*

3. ***Mobile Barriers is different from and not to be confused with other types of movable barrier.***
   - *Lumping discussions of Mobile Barriers MBT-1® with other types of movable barrier accentuates confusion already in the market place. Movable longitudinal barrier typically only moves laterally, but Mobile Barriers MBT-1® moves longitudinally down the road. Typically the reference to longitudinal barrier is reference to a length of barrier, not so much its lateral or longitudinal movement.*
   - *Lumping the two together though causes confusion as the FHWA Office of Safety tried to clarify in correspondence with another State. As the FHWA Office of Safety has noted, for lack of a "unique" category, they've characterized it under movable longitudinal barrier, but "these mobile units" are function and are used differently.*
   - *Movable longitudinal barrier typically only moves over laterally across one or more lanes and at best has very small wheels for limited movement longitudinally down the road and then only at very slow speed.*
   - *Mobile Barriers MBT-1® on the other hand, has large wheels as found on a semi-truck which allow it to move longitudinally down the road, from site to site, at*

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 46

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone: (404) 345-2737

*normal traffic speeds, with ease. Movable longitudinal barrier typically also requires special end treatments at both ends, but as noted by the FHWA, mobile units are again somewhat different in that regard.*

- *The distinction between mobile barriers and other movable longitudinal barriers has been a source of some industry confusion. As entitled, this Report is on "a mobile work zone barrier system" (ie Mobile Barriers MBT-1®) and not movable barrier.*

- *No barrier other than Mobile Barriers MBT-1® were evaluated pursuant to this research and this Report is not regarding and should not confuse the same. Extended discussion of such other types of movable longitudinal barrier (as the QMB, Vulcan, etc) adds to confusion in the market place on how Mobile Barriers MBT-1® works, and how it is and is not to be used. This confusion was manifest in ODOT's own use of MBT-1®.*

- *In one example reported on in the report, ODOT set MBT-1® up along the road as it would other movable longitudinal barrier. That is completely contrary to manufacturer recommended procedures.*

- *Mobile Barrier MBT-1® should be set up or reconfigured in maintenance yard and safely away from traffic, not near or along it. Set-up and reconfiguration is the most vulnerable time for the MBT-1® and should not be close to traffic, for the device, the workers or the public.*

- *The MBT-1® is meant to drive at speed, set up, to the job site. There should be no set-up and vulnerability at or near the work site. That is though how most movable longitudinal barrier, by necessity and design has to be set up – on or along the road. That is not so re Mobile Barriers MBT-1® and not something Mobile Barriers wants to convey.*

4. **Cost.**

- *The authors infuse bias and prejudice with inaccurate and inappropriate references to cost of Mobile Barriers MBT-1®. The FHWA has increasingly emphasized the importance of looking at life cycle costs (ie. costs over the life of the product) and has provided guidance (both in November of 2011 and recently) encouraging use of new and innovative technologies even though they may cost more up front.*

- *Mobile Barriers MBT-1® has a useful life estimated at and carried by other DOT's at over 20 years (some suggest at least twice that). At 20 years, the annual cost of the barrier is only $15,000 or what some have equated to 15 lane closures a year, not counting the user cost savings to the traveling public.*

- *Working 15 lane closures a month, it pays for itself in less than 2 years, with 18+ years of additional benefits and savings. If one factors in the user costs of a lane closure to the traveling public (something the authors did not do), and verifying for example that other users of the barrier have been able to reduce necessary lane closures by one or even 2 lanes per work zone site (something the authors also did not bother to do despite the repeated publications noting the same and readily available references able to confirm the same), the MBT-1® proves to be the very type of thing the FHWA's office of infrastructure was referring in their*

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 47

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

*memo of 11/30/11 (copies of which are also conveniently compiled and available on Mobile Barriers web site).*

5. **[The SPR 746 Report] Ignored information and references regarding Mobile Barriers MBT-1®.**

   - *For whatever reason, apparently involving some amount of prejudice, animosity and/or malice, the authors have neglected to consider the wealth of information readily compiled and conveniently available/verifiable from Mobile Barriers web site.*

   - *In the fall of 2011, the authors were directed to and encouraged to follow-up on the many articles, presentations, testimonials, and other materials compiled and available on Mobile Barriers' web site.*

   - *In December of 2011, after a disturbing call by a Mobile Barriers client unprofessionally contacted by the graduate student, the authors again were directed to and encouraged to see the materials on the Mobile Barriers website and provided with specific references (also cited in the applicable articles and materials) with whom they could follow-up. Apparently, they chose to ignore both.*

   - *As evidenced by the reference list in the final report and various sections within the body of the report, the researchers neither considered such information nor followed-up with the references provided for the main users of MBT-1®.*

   - *In their report and associated materials, they instead publish who is not using the barrier and are ironically critical of what little information they were able to obtain and promoting instead self serving additional research and blogs.*

6. **[The SPR 746 Report included] Misleading and incorrect assertions regarding what they could not find.**

   - *Again, failing to contact Mobile Barriers or consider material readily available on it's website, including but not limited to MUTCD drawings with which the applicable NCUTCD/MUTCD Committee Chair had helped prepare, and associated guidance provided therewith, the authors repeat a format the authors had used in a previous report several years ago on a separate matter only to negatively report what they could not find.*

   - *The Chairman of the NCUTCD/MUTCD had done side by side drawings and helped prepare a presentation for the National Committee given and readily available on Mobile Barriers web site with side by side drawings with and without MBT-1® illustrating that MBT-1® could be used within the guidance already provided and special amendments were not necessary. In correspondence with the FHWA Office of Safety has noted that mobile barriers, like devices such as truck mounted attenuators, are "optional" in both the Manual on Uniform Traffic Control Devices (MUTCD) and the Roadside Design Guide (RDG).*

   - *In all, the authors go to length to repeatedly discuss regulations, specification and standards that do not cover MBT-1®, only to seed doubt as to whether or how it could possibly be used – all while using it for two years.*

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 48

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

7. ***Quotations to Crash SPR 746 Reports [were] never filed w/ FHWA and arguably flawed.***

- *For whatever reason, the authors continue to display bias and selective judgment as to reference authorities, electing to cite for various points the BB crash test report that was never submitted to or accepted by FHWA, that was internally prepared by staff of the person who has over time taken primary credit for developing the same, which itself has noted issues and discrepancies, and was not prepared until 5 years after the fact – after Mobile Barriers introduced MBT-1®.*

- *How or why the researchers should dig up such material for support, in the face of direct underlying support appears to be further evidence of the unprofessional quality of this research and/or inappropriate sloth and bias.*

8. ***[The SPR 746 Report included] Old and outdated information, selective research and irrelevant clutter.***

- *In their references, the authors specifically reference outdated materials including best practices in work zones in 1990.*

- *Authors also for example reference earlier reports from TX that predate MBT-1® and did not anticipate its design or used.*

- *Basing conclusions and basing assertions on outdated and predated sources only further undermines the integrity of the report and confused the market place in terms of MBT-1®.*

- *The authors include an extensive discussion of ODOT structure, programs and policies irrelevant to use of the barrier. The authors make assumptions and assertions re use of MBT-1® which by their own accounts neglect the bulk of reference materials available regarding the same (no consideration of the bulk of published references as per their own reference list) and fail to take into account first hand information otherwise available (as per their own acknowledgement).*

- *The authors further draw poor conclusions relative to suitability and usage, obviously not following up on their "lit review" based on information readily apparent from the later in-field service upon which they later report. Its apparently the authors were not familiar with this product nor fully understood the Mobile Barriers MBT-1® or the manner and methods of using the same at the time they conducted their limited research. SPR 746 Reporting on who's not using and/or has not experience with this new tool doesn't help anyone on what to use it for or how to use it.*

- *Why or how they chose not to consider the bulk of published materials and insights from other users is illogical, unprofessional and wrong.*

- *Instead of even reporting on the many positive applications, uses and references, authors focused on negative information with in some cases (NJ report for example) was itself poorly based on a single experience, user errors and are based on little or no experience. It's inappropriate to repeat blindly and without question what the authors here know or should know to be inappropriate and/or erroneous conduct or conclusions, especially when the authors here have more and better information since the earlier publication, but it also highlights why it's so important that the authors here measure up to a higher standard – once*

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 49

Laura Lee Blake, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

*published, their work may continue to be references by many, regrettably without critical evaluation.*

9. **Garbage in, garbage out.**
   - *In view of the material omissions in their literature review and references, their conclusions are not only inappropriate, but are in effect, willfully detrimental to the deployment and use of the barrier.*
   - *Whether from inexperience, unfamiliarity or lack of reflection, the authors at times delve into discussions and/or assertions that one more familiar in this field would find inappropriate.*
   - *Mobile Barriers tried to address many of these in its edits earlier provided. It should be noted that Mobile Barriers was effectively allowed only a couple of days, on no advance notice to plan or schedule time, to provide comments. The comments were quick, and provided on the understanding and expectation that ODOT would involve Mobile Barriers in further discussions re the same and work with Mobile Barriers to further clean up this SPR 746 Report.*
   - *As recently as May, ODOT again reported that it would talk/work with Mobile Barriers in such regards. The edits provide are therefore at best incomplete, but should convey to ODOT matters which need further attention. To the extent questions and analysis throughout the SPR 746 Report was prepared absent foundational knowledge from the available sources referenced above, and/or other users to whom they authors had been directed, various of the questions, analysis and conclusions are inappropriate, flawed and unnecessarily confusing and detrimental to the deployment and use of the barrier.*

10. **Case studies.**
    - *Throughout, it should be kept in mind that the persons here involved had no prior experience or familiarity with Mobile Barriers MBT-1®, and the researchers had not and apparently at no time considered much of the information available on Mobile Barriers web site or from other users. Comments by Mobile Barriers within this section strike and/or otherwise edit portions of this SPR 746 Report which the authors knew or should have known better (eg by considering the many available publications, talking with Mobile Barriers or other users, or otherwise provided they had the level of expertise expected of one who held themselves out as a professional in this particular field).*
    - *For example, in one of the first case studies, authors report that MBT-1® "would not be good for sites that are very spread out" – authors cannot make that blanket statement. MBT-1® can and has been used on miles of interstate, pulling from one spot to the next and accomplishing all with substantial more efficiency that any other type of mobile barrier. Authors further report that respondents (and apparently the authors) were unsure how to use it for center lane work, even though there is MUTCD guidance on the web site, specifically on point. Finally, authors assert that "use of the barrier might be difficult on blind corners and on hills" – again inappropriate.*

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 50

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone: (404) 345-2737

- *In the context of using the barrier on the NHS for which it was designed, and particularly the interstate system, whether there is a corner or hill is of little issue. If the corner were to sharp or the hill to abrupt, traffic would not be able to navigate at speed. To put it bluntly, if the road is built to allow traffic to drive at 55-65 mph or faster (eg typical speed), it really cannot have such a sharp corner or such a bump without either throwing the cars in a ditch or tearing the suspension out of the same. Stated differently, if the road is straight enough and smooth enough for other traffic to pass at speed, MBT-1® should be able to run it as well. Elsewhere, the barrier has crossed the continental divide and mountain ranges.*

## 11. **Permits.**

- *The barrier is neither over width or over weight. The barrier can obviously be configured over length. Those permits are usually issued to and attached to a tractor. Tractors of most DOT's have such permits as they often have to pull special loads.*
- *Typically, a DOT does not have to obtain special permits. If the tractor they are using doesn't already have it, they probably need it anyway.*
- *It's confusing and misleading to suggest or infer a special permit need be obtained by a DOT anytime they pull it somewhere. It's misleading not to clarify the foregoing for readers, and again negative relative to otherwise easy use of the barrier.*

## 12. **User error and irresponsible criticism.**

- *Various comments to the report go to user error, negligence and/or improper use of the barrier, contrary to normal conventions and/or manufacturer suggested practices.*
- *Whether the radar was showing should not be a reflection on the barrier but on the users. To note as a negative relative to the barrier that traffic was passing with greater speed/mobility on the traffic side of the wall is contrary to compliments elsewhere and in any event can fairly easily be reduced by lowering the speed limit settings of such radar.*
- *To suggest there's a defect with the barrier because someone unnecessarily walk to the traffic side of the barrier (because of something they forgot and should have taken care of before even going on the road), is inappropriate.*
- *Some of the criticized hazards frankly had more to do with user error and misuse than our barrier and were struck as such.*
- *To suggest some such hazards were possibly one of the reasons the barrier had been struck on one project is extremely negative and may directly lead to issues of liability and damages, now and/or in the future. In one of the hazard observations, the authors suggest encroaching on an adjoining lane may have been one of the reasons for a couple of incidents.*
- *To be clear, it should be noted that for this one particular project, Mobile Barriers MBT-1® was hit at least twice in three days, but never before or since*

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 51

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

(anywhere even outside of OR). Note too that with 12' lanes, the MUTCD allows one to encroach up to 2' on an adjoining lane, and the amount of encroachment is a matter of user discretion/workzone setup, not the barrier itself. It clearly could have been parked fully in its own lane. The MUTCD and other materials provide guidance for workzone setups.

- In connection with the aforesaid incident, ODOT has refused to clarify whether when hit, they had MBT-1®'s yellow safety lighting and message board on or whether they had left the barrier setting dark, in the rain. They did say it was unattended. When asked at the time for a copy of the crash report, ODOT refused indicating that Mobile Barriers was not an involved party. Such crash report should contain information regarding the lighting and work zone setup.

- To now suggest that user determined encroachment is a hazard reflecting poorly on MBT-1® and that it may have been a reason for the accidents is irresponsible.

- In yet another purported comment, authors proceed to generalize that ODOT supervisors believe work might be more difficult in work zones with super elevation (eg bridges). That comment recklessly contradicts one of the primary uses of the barrier and clearly is not shared by all bridge crews or supervisors, even there in OR as indicated by subsequent case studies and follow-up.

- On its face, it is incorrect, grossly misleading and outright damaging/detrimental for one of the most important places where MBT-1® can improve safety, efficiency and traffic flows. Other comments were similarly struck.

- It is beyond the scope of this appendices to address all such edits and/or all logic relative to the same, but the edits should be self apparent to a professional

### 13. Time to reconfigure.

- Perhaps it's important to keep in mind that everyone referenced was working with the barrier for the first time and relatively inexperienced with it. SPR 746 Reports of their reconfiguration times are therefore biased from the outset and not representative of that a normal user would experience. In any event, the times are inexplicable slow and exaggerated due at least in part to failure to use appropriate equipment, to attempt such work in suitable recommendations and/or to follow manufacturer instructions.

- At least one other client (which the authors could have talked to and confirmed) had conducted a test where inexperienced crews were asked to reconfigure the barrier (add a wall section and/or reconfigure the barrier from right to left).

- The average team took around 60 min or less, and they basically concluded that if it's taking more than 60 min either someone's not working or something's wrong.

- Mobile Barriers itself conducted and recorded comparable reconfigurations and video/documented that a 2 or 3 man crew that knows what it's doing and works at a normal pace can reconfigure the barrier in around 20 min or so. It's inconceivable how or why it might take 5 to 10 times as long for ODOT crews to do so. Use the proper tools, do it in the proper place, and follow the manufacturer instructions, and it'll not take that long. To report such inexplicable and unrepresentative times as representative of one others might typically expect is irresponsible.

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 52

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone: (404) 345-2737

*14. Simulation & Inconsistent Comparisons.*

- *The authors chose, by their own accounts, to provide a gratis simulation and analysis to the report. Such simulation involved an apples and oranges comparison of work zone setups and produced conclusions inconsistent with other portions of the report and empirical observations.*

- *Among other things, the setup up of the work zone (and particularly placement of the blocker vehicles) was inconsistent with and without MBT-1®. Furthermore, the simulation did not take into account other factors such as other traffic, lateral visual barrier, debris splatter and/or glare, and other such factors which the authors themselves should have observed while on the road. Others have.*

- *Regrettably, those doing the simulation were not otherwise involved in the research. In addition to problems in the simulations, there were other comparisons in the Case studies which by the authors own accounts reflected different conditions and situations. They nevertheless proceeded to draw conclusions as though there were no problem. An average reader may not notice the inconsistencies or disclaimer, but not discount the authors' conclusions for the "garbage out" that it may be.*

- *Specifically, and as noted repeatedly to the authors and ODOT throughout the "research", it was suggested that comparable work zones with and without MBT-1® be compared on the same road, on the same night, a few miles apart (effectively with the same traffic and conditions).*

- *Informal observations from Colorado on the interstate north of Denver had early on shown significantly less queue and better mobility/speeds passing the work zone where MBT-1® was used, that the same work being performed via traditional means a few miles down the road. Separate observations from Texas showed the radar to be highly effective in slowing traffic though when desired (enabling them to quickly cut speeds in half or more when/where they needed to such as in the case of an incident).*

*15. Irrelevant, superfluous and gratis material, especially controversial, can be placed in a separate internal report for and circulated only to ODOT with appropriate disclosures re possible problems with the same.*

- *This particular SPR 746 Report will be one of the first of its kind and widely read. This SPR 746 Report can have a particularly important effect on introduction of this product. MBT-1® offers much to improve safety, efficiency and traffic flows in and around work zones. Deal with it fairly the message and conclusions you wish to convey, and do so with full knowledge and expertise. Before ignoring the concerns and issues conveyed to you earlier and per the above, you are urged to meet in a good faith effort to understand and work through those concerns and issues you are inclined to ignore… like reasonable people… like professionals knowledgeable in these matters who will be looked upon and trusted to have done the quality of work that should be expected of them.*

(*See,* Electronic Exhibit "3" attached hereto and incorporated by reference.)

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 53

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone: (404) 345-2737

### F. **DEFENDANTS REFUSED TO CONSIDER PLAINTIFF'S CORRECTIONS TO FALSE CLAIMS AND OMITTED MATERIAL FACTS IN SPR 746 REPORT**

111.    Since receiving Plaintiff's Redlined Comments and Appendix "A" with the true and accurate information, Defendants have summarily rejected Plaintiff's numerous just and reasonable requests to meet, confer, and discuss Plaintiff's concerns regarding the SPR 746 Report and the SPR 746 Report's creation process prior to the SPR 746 Report's publication of the final version.

112.    Rather, Defendants proceeded with publishing a so-called "Final" SPR 746 Report, dated August 2013, entitled "EVALUATION OF A MOBILE WORK ZONE BARRIER SYSTEM."   As explained below, in response to Plaintiff's objections, Defendants initially withdrew the SPR 746 Report from publication, but then unexpectedly re-published the Final SPR 746 Report in May 2014.   In this Final SPR 746 Report, Defendants knowingly or recklessly made more than fifty (50) false claims, fraudulent misrepresentations, and omissions of material fact regarding Mobile Barriers MBT-1[®].

113.    In creating the Final SPR 746 Report with its false claims, fraudulent misrepresentations and omissions of material fact, Defendants Gambatese and Tymvios utilized SPR funding from ODOT and the taxpayer dollars.

### G. **DEFENDANTS FALSELY REPORTED TO THE ODOT THAT THEY HAD INCORPORATED PLAINTIFF'S COMMENTS INTO THE SPR 746 REPORT**

114.    Upon receipt of Plaintiff's proposed comments and changes to the draft SPR 746 Report, on information and belief Defendants continued their false claim campaign by falsely reporting to ODOT and others in the Spring of 2013 that they had incorporated Plaintiff Mobile

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 54

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

Barriers' comments in the SPR 746 Report.  Defendants also asserted that with respect to any

"Problems" there were "None," as follows:

> *Specific Progress This Quarter*
> - *A draft of the final research report was prepared and sent to ODOT for review.*
> - ***Comments from ODOT and Mobile Barriers were received and have been incorporated into the report.***
>
> ***Problems***
> - ***None***
>
> ***Finances***
> *Project:*
> ***Revised Budget:  $165,380***

> (*See,* ODOT Spring 2013 Report, dated April 9, 2013, attached as Electronic Exhibit "26" and incorporated by reference; emphasis added.)

## H. <u>DEFENDANTS REFUSED TO MEET WITH PLAINTIFF TO DISCUSS OR CORRECT THE FALSE CLAIMS AND OMITTED MATERIAL FACTS</u>

115.    Regrettably, following the submission of the redlined copies of the SPR 746

Report, the Appendix "A," and the correspondence with Defendants and ODOT, they refused to

even meet or discuss the proposed concerns.  As set forth in Mobile Barriers' June 20, 2013

letter to ODOT (*see,* letter attached as Electronic Exhibit "32" and incorporated by this

reference), they responded as follows:

*Jerri Bohard*

*Oregon Department of Transportation*
*Division Administrator, Transportation Development Division*
*Mill Creek Office Park, Suite 2*
*55 13th Street, NE*
*Salem, Oregon 97310*
*jerri.l.bohard@odot.state.or.us*

*RE:    SPR 746 FINAL REPORT: Evaluation of a Mobile Work Zone Barrier System, by John A. Gambatese and Nicholas Tymvios of Oregon State University for Oregon Department of Transportation Research Unit and FHWA (the "Report").*

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 55

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

Ms. Bohard:

We have received and reviewed your letter of June 11 in response to Mobile Barriers' (hereinafter "MB") June 5th notice and request. Unfortunately for all, including the Oregon Department of Transportation (the Report's Sponsor and Performing Organization), Oregon State University (the Report's author(s)) and the FHWA (the Report's co-sponsor) (collectively referred to herein as "ODOT"), you mischaracterized our request and statements. MB has serious concerns regarding the report. **_Your refusal_** **_to meet or discuss the issues as earlier promised is untenable. To "wait and see" is_** **_impractical. Once issued, any and all opportunities to address and rectify_** **_erroneous/misleading information will effectively be lost._**

MB has expressed to you very real concerns regarding the Report, but its concerns extend beyond merely those submitted. Written comments were prepared for you on short notice. Other concerns have been communicated to you and your staff. _It's unclear why_ _you are unwilling to discuss them professionally and like any other businessman. It is_ _clear that you have not addressed all of the concerns and are unwilling to discuss which_ _ones you have not or why._

In view of the foregoing, ODOT leaves MB no choice but to hereby provide formal notice pursuant to ORS §30.275 and CRS §24-10-109, of MB's intent to file and assert claims for injunctive relief, damages and injury against ODOT and applicable parties.

If the Report is published and so far as known to MB, damages and injuries to MB will escalate into the tens of millions of dollars. Concerns with the Report (and recently identified quarterly reports and other information already published to the web) include but are not limited to the following:

- Errors regarding name and trademarks (our name and trademarks)
- Errors regarding other product testing, status and availability (eg Balsi)
- Confusion and dilution of applicable terminology (movable vs mobile barriers)
- Incorrect use and portrayal of product (user error and dangerous conditions MB as manufacturer would not want to see advanced)
- Incorrect analysis and conclusions based thereon (issues re system and methods)
- Incorrect and/or incomplete analysis and understanding of existing national and state standards (MUTCD, RDG, NCHRP 350/MASH, Fed Legislation and FHWA interpretations and policies)
- Misleading comparisons and inconsistent conclusions (in empirical analysis and simulations)
- Negligent failure to consider follow-up on and/or consider various personal and published references which are readily available (numerous references readily available not considered, and available references not even followed-up with)

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

- *Injection of personal bias and prior issues (including suggestions and conclusions that disparage the product in contradiction of user experiences, preferences and empirical data)*

*For additional information, see MB's earlier comments and the attached Appendix A, incorporated herein by reference.  As professionals, you and your reports area held to higher standards and looked upon less critically by many who look to you for guidance. As such, the quality of your work is paramount.*

*The quality of the Report and the analysis and conclusions contained therein are paramount to us all. Mobile Barriers* MBT-1® *is a new and innovative product that offers many benefits for improving safety, efficiency/productivity and traffic flows/mobility in and around work zones. Introduction is at a particularly sensitive point.*

*Through its repeated requests to meet and work through its concerns, MB has not attempted to influence the Report's empirical findings or verified data. Rather, MB has attempted to work with ODOT to provide much needed accuracy, expertise and preciseness.*

***In refusing to discuss and address the applicable concerns, ODOT is ignoring verifiable facts, misleading the public and directly disparaging and otherwise excellent new product.*** *ODOT should be questioning sub-standard work by a graduate student and supervising professor, in an over-priced and over-budget project that merely repackages prior work by the same authors for the State (coincidentally, two of the most costly projects this professor has been responsible for). The authors based their "research" and conclusions on incomplete and outdated information, including 20+ year old materials on work zone best practices (1990), and ignored most of the recent articles, presentations, testimonials, evaluations, personal references and other information readily available since introduction of the product.*

*ODOT knows or should know that extensive and severe damage and injury to the business and reputation of MB and its* MBT-1® *will certainly result from ODOT's publication of the Report and various of the matters included therein if not appropriately addressed.*

***MB hereby again, and for the final time, asks ODOT to suspend publication of the Report pending a good faith effort to review and work together to resolve associated concerns.*** *Let me know within the next three business days if ODOT is willing to do so. It is MB's sincere hope that ODOT will.*

*General Counsel*
*Mobile Barriers, LLC*
*Ph 303.946.0957*
*Email: david@mobilebarriers.com*
*Mobile Barriers LLC - Legal Department*

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 57

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

116.    It is significant to note that following the use of the MBT-1® by the Oregon Department of Transportation ("ODOT"), on August 7, 2013 ODOT issued a Letter of Public Interest Funding (PIF), in which they requested the opportunity to use a sole source material, i.e., specifically the Mobile Barriers MBT-1® for a road construction project and for  training.

117.    The PIF accurately explained the following relevant facts:

*Exemption Description:*  *"The Mobile Barrier is hitched to a semi~tractor truck and can easily be moved at the end of a Work shift. There are no products on the ODOT Qualified Products list for this item. The contractor will obtain training from the MBT-1 manufacturer or licensed vendor."*

*Public Interest:*  *"<u>Use of the MBT-1 will significantly minimize the number and duration of lane closures that will be needed in order to construct this project in a timely manner. The public will experience fewer delays and detours, as well as less nighttime construction noise.  The MBT-l will increase the safety of construction staff and the traveling public. Unlike concrete barriers, the MBT-l can be removed at the end of each shift, allowing all lanes to be open</u>."  [Emphasis added.]*

*Associated Costs:*  *The costs for the Mobile Barrier have been calculated on a per mobile barrier Work Shift basis. These Costs include Mobile Barrier rental, delivery and pickup, training and semi-tractor truck use and operation. A 10% contingency has also been added. The cost per mobile barrier Work shift was calculated to be $1,800 for 58 days, plus 10% contingency equals $114,840.  The cost for using concrete barriers was calculated to be approximately $90,000. This cost was generated using a set of assumptions that included 30 days of work. To accurately compare the cost of using concrete barriers to using the MBT-l.  We need 1:0 use the same assumptions which equates to a cost 0f $54,000 for the MBT-l.  <u>Therefore, use of the MBT-1® will save the project approximately $36,000</u>."  [Emphasis added.]*

*Alternatives:  "The alternative to the Mobile Barrier would be to use temporary concrete barriers.  <u>Use of temporary concrete barriers would require additional lane closures and would extend the project schedule significantly</u>."  [Emphasis added.]*

(*See,* PIF attached as Electronic Exhibit "34" and incorporated herein by this reference.)

118    On information and belief, within days of the release of the PIF, the Defendants issued the final SPR 746 Report dated August 2013.  Defendants, however, intentionally omitted

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 58

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

any reference or other comments about the favorable facts and findings in the PIF.  (*See* final SPR 746 Report attached as Electronic Exhibit "1" and incorporated by reference.)

119.    It is significant to note that even though ODOT was located in Oregon where Defendants were finalizing the SPR 746 Report, and even though ODOT was sponsoring the Report, Defendants intentionally omitted and remained completely silent about the PIF in the Report that would be widely circulated in the industry.

120.    Instead of meeting with Plaintiff and seeking to address the concerns by deleting the false claims and fraudulent misrepresentations in the SPR 746 Report, and thereafter including true and accurate information about the MBT-1®, on information and belief Defendants published the SPR 746 Report and/or links to the SPR 746 Report and circulated it to the website of the ODOT for widespread review and publication.  Defendants further published it on the OSU website under the "Gambatese Research Group" link.

121.    Mobile Barriers immediately responded to the final SPR 746 Report and stated that it was absolutely surprised that Defendants had proceeded to release it without consulting with Mobile Barriers or agreeing to meet to discuss any of the proposed false and inaccurate statements.  (*See* Mobile Barriers letter dated October 14, 2013 attached as Electronic Exhibit "35" and incorporated by reference.)

122.    In response to Mobile Barriers' letter, and subsequent telephone conversations with ODOT and the Oregon Attorney General's office, Defendants promptly withdrew the publication from their website.

123.    Following the release of the draft SPR 746 Report, in February 2013 Plaintiff sent several letters to Defendants requesting corrections and an opportunity to discuss them.  These included research integrity letters to OSU and the University of North Carolina ("UNC") since

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 59

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

Defendant Tymvios had accepted an assistant professor position at UNC.  (*See* letters dated December 16, 2013 attached as Electronic Exhibit "32" and incorporated by reference.)

124.    Upon receipt of the letters, Defendants refused to meet with Mobile Barriers or discuss the false claims and fraudulent misrepresentations, as well as the omissions of material fact, in the SPR 746 Report.  As indicated above, Defendants further refused to discuss or redo their research in which they compared traffic flows with and without the MBT-1®.  Specifically, rather than measuring traffic flows on a designated *weekday* evening (i.e., either on a Tuesday, Wednesday or Thursday evening) at the same time so the variable factors were controlled as recommended, Defendants measured traffic flows on *different weekend evenings* and the potential for error was greater.  Defendants also conducted simulations to measure traffic speed, but *set up the work zones in different ways* so the variables were not controlled (i.e., one simulation included a blocker truck that partially blocked a traffic lane while the other simulation did not have a blocker truck).  (*See, e.g.,* recent presentations describing traffic flow studies and simulations attached as Electronic Exhibit "30") and incorporated by reference.)

125.    In light of the Defendants' shoddy and unprofessional work, and refusal to meet with Mobile Barriers concerning the SPR 746 Report, Mobile Barriers was left with no choice but to file its research integrity complaint with ODOT, with copies to the FHWA.  (*See* research integrity complaint attached as Electronic Exhibit "32" and incorporated by reference.) Lawrence (Lance) P. Hanf, Assistant Chief Counsel for FHWA, initially sought to dismiss the research integrity complaint, but then referred it and a redlined copy of the SPR 746 Report to a local FHWA office.  The local FHWA representatives stated they would review the complaint, but Plaintiff never heard a response.

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 60

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

126.    On information and belief, Defendants subsequently published a final SPR 746 Report and simultaneously presented it at a conference in Atlanta, Georgia in May 2014.  (*See, e.g.,* recent presentations in Washington, DC and Atlanta, GA attached as Electronic Exhibit "30" and incorporated by reference.)

127.    Regrettably, on information and belief, the impact of Plaintiff filing the research integrity complaint caused ODOT to suddenly and unexpectedly change its position.  Instead of purchasing, leasing, and/or using the MBT-1® for its project as authorized by the PIF referenced above, ODOT proceeded to use the more expensive and less safe alternative of concrete barriers.

128.    To date, Defendants have continued to refuse to meet with Plaintiff Mobile Barriers or revise any of the false claims or disparaging comments.  Defendants have further squelched the purchase of the MBT-1® by ODOT both during the time of study and preparation of the SPR 746 Report and since it has been finalized.

129.    On information and belief, the final published SPR 746 Report is available to anyone on the internet, including Mobile Barriers' competitors and potential customer pool.

130.    The SPR 746 Report has and will continue to cause losses and increased liability for the Government and State DOTS that rely on its contents and analysis. The publication of the SPR 746 Report and links to the SPR 746 Report on the ODOT  and OSU / Gambatese Research Groups websites, and the immediate and broader nationwide and worldwide distribution of the SPR 746 Report via such publications, have caused significant injury and harm to the Government and Plaintiff.

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 61

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

## I.  **DEFENDANTS COLLECTED SPR FUNDS AND BENEFITED GREATLY**

131.   On information and belief, without making any of the Plaintiff's requested changes to ensure truth and accuracy, Defendants benefited greatly from preparing and circulating the Initial SPR 746 Report with the defamatory and derogatory statements.

132.   On information and belief, the Defendants were paid more than $142,605 in SPR funds for this SPR 746 Report, as described below on The Gambatese Research Group website. (*See*, The Gambatese Research Group website content dated May 22, 2014, attached as Electronic Exhibit "22" and incorporated by reference):

*"Evaluation of a Mobile Work Zone Barrier System"*

*Sponsor: Oregon Department of Transportation (ODOT), Project Number SPR-746*
*Researchers: John Gambatese (PI), Nicholas Tymvios*
*Timeline: July 2011 – Jan. 2013*
*Funding: $142,605*

*A high percentage of highway maintenance activities and some construction activities are performed in a travel lane, median, or shoulder while the public travels by at relatively high speeds in very close proximity to the workers. Work zone traffic control efforts include safety measures for the workers, but current capabilities for short duration work zones can be improved in order to increase the protection of the workers. A recent advancement in work zone safety is a mobile barrier system that consists of a motorized tractor/trailer combination, and can provide complete isolation of the work area for a distance of up to 100 feet. The research presented in this report involved evaluating a mobile barrier in a variety of work zone environments, leading to a determination of its benefits and limitations to guide ODOT in future work zone safety strategies/investments.*

*A benefit of using a mobile barrier system is the added safety provided by the isolation of workers from errant vehicles. Anticipated benefits also include: improved efficiency of work zone setup and removal; improved efficiency of the work activity as the mobile barrier can be equipped with lights, generators, variable message signs, and TMAs; and improved mobility of the work zone where multiple finite work areas are involved.*

*Publications:*
*Gambatese, J.A. and Tymvios, N. (2014). "Comparison of Vehicle Speeds Adjacent to Maintenance Work Zones With and Without a Mobile Barrier." 93rd Annual Meeting of the Transportation Research Board (TRB), Washington, D.C., Jan. 12-16, 2014.*

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 62

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

*Swake, J., Hurwitz, D.S., Neill, J., and Gambatese, J. (2014). "Influence of Mobile Work Zone Barriers in Maintenance Work Zones on Driver Behavior: A Driving Simulator Study." 93rd Annual Meeting of the Transportation Research Board (TRB), Washington, D.C., Jan. 12-16, 2014. (Poster presentation)*

*Gambatese, J.A. and Tymvios, N. (2013). "Evaluation of a Mobile Work Zone Barrier System," Final SPR 746 Report, SPR 746. Oregon Department of Transportation (ODOT) and U.S. Department of Transportation, Federal Highway Administration (FHWA), Aug. 2013.*

133.    In addition to foregoing, on information and belief, Defendants also traveled to Colorado Springs, Colorado in 2012 for a presentation at the WASHTO Conference on the SPR 746 Report.  (*See,* WASHTO Power Point presentation and list of attendees attached hereto as Electronic Exhibit "19" and incorporated by reference.)

134.    On information and belief, in their attempts to continue to receive special recognition and awards arising from the SPR 746 Report, Defendants Gambatese and Tymvios have continued to seek and make special presentations at conferences around the country concerning Plaintiff's MBT-1[®].  For example, this year alone Defendants Gambatese and/or Tymvios did two (2) special presentations on some or all of the findings contained in the SPR 746 Report in January 2014 at   the 93rd Annual Meeting of the Transportation Research Board ("TRB") in Washington, DC, and in May 2014 at the American Society of Civil Engineers ("ASCE") Conference in Atlanta, Georgia.  (*See* attached presentation information as Electronic Exhibit "30" and incorporated by reference.)

135.    On information and belief, at the time that ODOT approved the sponsorship and payment of more than $142,605 for this research and SPR 746 Report, Defendant Gambatese himself was serving on the ODOT Research Advisory Committee (RAC) and Expert Task Group (ETG) of the ODOT Transportation Development Research Section.   Thus, defendant Gambatese was able to personally influence this decision and the approval of the more than

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 63

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

$142,605 grant and sponsorship of the research and SPR 746 Report by ODOT.  (*See,* ODOT listing of RAC and ETG members attached as Electronic Exhibit "27" and incorporated by reference.)

136.    On information and belief, during the time of this research and SPR 746 Report, Defendants Gambatese and Tymvios received more than $60,000 in salaries from the funding (i.e., $27,300 for Gambatese and $32,850 for Tymvios), and more than $18,000 in "fringe benefits," along with $4,000 in travel expenses, $35,116 for Defendant OSU's indirect costs, and $24,200 for student tuition.  (*See,* Research Project Work Plan for "Evaluation of a Mobile Work Zone Barrier System, dated 8.16.2011, p. 10, attached as Electronic Exhibit "20" and incorporated by reference.)

137.    Additionally, on information and belief, during the time it was ongoing or shortly after this research and SPR 746 Report was finalized, this was the largest project that Defendant Gambatese had handled, and it is still the largest to date.  Defendant Gambatese received a substantial benefit with his promotion and tenure as a professor at Defendant OSU.   On information and belief, Defendant Tymvious received his doctorate degree from Defendant OSU and was awarded a position of Assistant Professor at the William States Lee College of Engineering at the University of North Carolina in Charlotte, North Carolina.  (*See,* information regarding Defendants' promotions and benefits attached as Electronic Exhibit "31" and incorporated by reference.)

138.    On information and belief, Defendants' false claims campaign was not the product of merely negligent research and reporting. It was based on intentional, knowing or reckless misstatements of facts.  Defendants' statements were inconsistent with information that Mobile Barriers and others gave to Defendants before and during the false claims campaign.

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 64

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

Defendants' statements were contradicted by the findings of the crash safety tests conducted by Southwest Research Institute ("SWRI"), various construction zone safety organizations, and experts in the industry. (*See,* SWRI crash reports attached as Electronic Exhibit "6" and incorporated by reference.)   Further, their statements were inconsistent with the significant volume of information Mobile Barriers made publicly available to them.)

139.    In short, Defendants knew they were making false claims and fraudulent misrepresentations, as well as omitting material facts, about Mobile Barriers MBT-1®, or they acted with reckless disregard for the truth.

140.    Unquestionably, by these false and fraudulent claims, Defendants have violated the FCA and obtained federal monies to which they are not entitled.

141.    Plaintiff respectfully requests the Government to join and proceed with this case to recover all damages arising from Defendants' systematic fraud, significant omissions of material fact, provision of deficient or worthless services and double billing to the U.S. Department of Transportation and FHWA with its distribution of SPR funds.


***

## CLAIMS FOR RELIEF

- **FIRST CLAIM FOR RELIEF:  Violations of the False Claims Act, 31 U.S.C. §§ 3729 *et seq*.**
- **SECOND CLAIM FOR RELIEF:  Fraud**
- **THIRD CLAIM FOR RELIEF:  Violations of the Colorado Government Immunity Act ("GIA")**
- **FOURTH CLAIM FOR RELIEF:  Injunctive Relief**

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 65

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

**FIRST CLAIM FOR RELIEF**
**AND SUPPORTING FACTUAL ALLEGATIONS**

**VIOLATIONS OF THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3729 *et seq*.**

**(Against Defendants Gambatese in their Individual and/or Official Capacities)**

1.  Each of the foregoing allegations is realleged and incorporated hereby.

2.  As described in this Qui Tam Complaint, Defendants Gambatese and Tymvios, in their individual and/or official capacities, (i) knowingly presented, or caused to be presented, to the United States Government, a false or fraudulent claim for payment or approval; (ii) knowingly made, used, or caused to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; and (iii) knowingly made, used, or caused to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.   The basis for these claims is set forth in Exhibit "A" attached hereto and incorporated by reference, as follows:

**I.   False Claims And Fraudulent Misrepresentations:**

3.  The false claims and fraudulent misrepresentations in the SPR 746 Report had seven (7) significant components, to the extent each of the Defendants engaged in the following:

1)  <u>Falsely claiming or fraudulently misrepresenting</u> that the MBT-1® has defects, problems, or unresolved issues or shortfalls;

2)  <u>Falsely claiming or fraudulently misrepresenting</u> that the MBT-1® should be compared to other non-analogous products/systems that are not in the same league, rankings or classifications as the MBT-1®;

3)  <u>Falsely claiming or fraudulently misrepresenting</u> that the MBT-1® should be configured in an incorrect or inappropriate manner in a given work zone (which

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 66

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

is/was in direct contradiction to manufacturer's instructions and, thus, caused extensive problems and failures during the Defendants' subsequent testing);

4) <u>Falsely claiming or fraudulently misrepresenting</u> that an inappropriate or incorrect application of biased and/or improper metrics should be used to determine costs;

5) <u>Falsely claiming or fraudulently misrepresenting</u> that an improper perpetuation of outdated and/or inaccurate data should be relied upon by actual or potential clients who are considering the purchase of the MBT-1®;

6) <u>Falsely claiming or fraudulently misrepresenting</u> that an incorrect focus and emphasis should be placed on inapplicable and/or nonexistent regulations, creating unnecessary doubt and confusion as to whether MBT-1® could be used in various site situations; and

7) <u>Falsely claiming or fraudulently misrepresenting</u> that actual or potential clients and users of the MBT-1® should rely on inaccurate and/or inappropriate assumptions and assertions that do not reflect user experiences or referenced materials, including but not limited to the following:

a. Defendants knowingly and intentionally asserted that other barrier system(s) referenced within the SPR 746 Report are comparable to the MBT-1®. Such statements are false and fraudulent because, for example, the Caltrans Balsi Beam is neither commercially available nor speed appropriate for use on the interstate highway system. It is well established that the Balsi Beam's self-created crash report limits usage of the Balsi Beam to situations where the potential for impact is not to exceed 43 mph. Further, the Balsi Beam has never been approved for usage on the national highway system by the FHWA.

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 67

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

On information and belief, other than Caltrans who developed the Balsi Beam and unsuccessfully spent years trying to promote and deploy it in the field, there is no other DOT, tollway, or contractor (*i.e.,* in short, nobody) that ever acquired a Balsi Beam.   (*See, e.g.,* crash tests and related information regarding the Balsi Beam attached as Electronic Exhibits "28" and "29" and incorporated by reference.)   Any effort by the Defendants to help sell and/or promote the Balsi Beam, and even to include a reference to its name in the survey, was done in a knowing, malicious, and bad faith manner; and

b.   Defendants knowingly and intentionally entitled the SPR 746 Report to be an evaluation of the MBT-1®, but then made false claims and fraudulent misrepresentations about other unrelated and unknown "movable barriers." Accordingly, the extended, superfluous discussion of other "movable barriers" only served to amplify confusion as to proprietary origins of the MBT-1®, how the MBT-1® works, and how the MBT-1® is and is not to be utilized.

c.   Defendants knowingly and intentionally misrepresented weekend comparisons of traffic flows on different nights as comparable, and various work zone simulations as being representative (even though they were clearly different). Defendants also conducted a survey in a purported attempt to find clients that were using either the MBT-1® or Balsi Beam -- when they knew and had been informed regarding who was using the MBT-1® and that nobody (other than the Caltrans developers) had acquired the Balsi Beam.   Each of these factors added a lot of time and cost to the SPR 746 Study.   In the end, it appears that this project was simply used to subsidize the Defendant professor Gambatese

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 68

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

and provide his graduate student Tymvios with scholarship money for 1 ½ semesters, along with an extension for an additional semester until the Tymvios finally graduated.

## II. Omissions Of Material Facts:

4. The omissions of material facts in the SPR 746 Report had two (2) significant components, to the extent each of the Defendants engaged in the following:

   1) Omitting material facts that the MBT-1® is:

   - The only mobile barrier system that has been tested and is FHWA accepted/eligible for reimbursement and use on the National Highway System under both the National Cooperative Highway Research Program ("NCHRP") 350 & MASH, at both the TL-2 and TL-3 levels,

   - Leading the industry for innovations in technology,

   - Improving safety in and around work zones for workers and motorists alike,

   - Increasing productivity,

   - Reducing the need for collateral equipment,

   - Providing workers with more time and space to perform their tasks;

The importance of these material facts is obvious and such information is easily accessible via the internet and/or available directly from the Plaintiff's web site and otherwise.

   2) Omitting material facts and intentionally failing to update the "Literature Review" with the substantial amount of additional press, news articles, broadcast news, and research readily available about the MBT-1® and conveniently located on the Mobile Barriers website, which the Defendants themselves failed to consider based on the lack of any reference to these important documents in the SPR 746

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 69

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

Report itself or the bibliography attached thereto.  In short, if there was positive information or press coverage, Defendants omitted or deleted it.  (*See, e.g.*, all of the numerous positive articles and materials set forth in Electronic Exhibits 4–6, 8–12, 19 and 34 which were omitted or deleted by Defendants attached hereto and incorporated by this reference.)

3) Omitting material facts in order to promote the Balsi Beam for further potential research studies totaling hundreds of thousands in SPR funds, while fully knowing that the Balsi Beam is simply not comparable to the MBT-1[®] because, for example, the Caltrans Balsi Beam is neither commercially available nor speed appropriate for use on the interstate highway system.  Thus, Defendants omitted the following material facts:

- The Balsi Beam's self-created crash report limits usage of the Balsi Beam to situations where the potential for impact is not to exceed 43 mph.

- The Balsi Beam has never been approved for usage on the national highway system by the FHWA.

- On information and belief, other than Caltrans who developed the Balsi Beam and unsuccessfully spent years trying to promote and deploy it in the field, there is no other DOT, tollway, or contractor (i.e., in short, nobody) that ever acquired a Balsi Beam.

(*See, e.g.,* crash tests and related information regarding the Balsi Beam attached as Electronic Exhibits "28" and "29" and incorporated by reference.)

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 70

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

5.   Any effort by the Defendants to help sell and/or promote the Balsi Beam, and even to include a reference to its name in the survey, was done in a knowing, malicious, and bad faith manner for their own personal agenda.

### III.   Provision Of Worthless Services

6.   In light of the false claims and fraudulent misrepresentations, along with the significant omission of material facts, the Defendants' Final SPR 746 Report was worthless and without relevance.

7.   By submitting the SPR 746 Report with its false claims and omitted material facts, Defendants provided worthless and shoddy services of no value to the Government.   The Government could not rely on the contents of the record or the SPR 746 Report, and could not make any decisions arising therefrom.

8.   During a time when the Highway Trust Fund is "going broke" for lack of funds, it is even more important that the Government demand and expect its research teams to produce truthful, accurate, complete and professional reports on which it can rely.   The Government should not be required to pay SPR funds for anything less than top quality work and services.

9.   Here, Defendants' activities and services unquestionably violated the False Claims Act, the Research Integrity Policy, and the Engineers Code of Ethics.   Defendants should be ordered to pay all fines and penalties under the FCA, and further be enjoined from publishing, distributing, circulating or speaking about the SPR 746 Report and the corresponding research.

### IV.   Double Billing:

10. Along with the false claims and significant omissions of material fact, Defendants further engaged in double billing of the Government.   Specifically, in March 2010, Defendant Gambatese completed another SPR Report entitled "WORK ZONE DESIGN AND

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 71

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

OPERATION ENHANCEMENTS, SPR 669" ("2010 SPR Report").  On information and belief, the project timeline was from November 2007 through December 2009, and Defendants received more than $131,716 in SPR funding for the 2010 SPR Report.  (*See*, 2010 SPR Report attached as Electronic Exhibit "24" and incorporated by reference.)

11. Significantly, in creating the SPR 746 Report on the Mobile Barriers MBT-1[®], Defendants used many of the same resources and copied significant portions of the 2010 Report verbatim.  On information and belief, Defendants thus double billed the Government for the exact same work and the literature review that had been conducted for the SPR 746 Report that had already been done for the 2010 SPR Report.

12. Remarkably, instead of charging the Government less for copying the previous work that had been done and paid for – Defendants actually double billed the Government and charged more for the SPR 746 Report in an amount of more than $142,605 in SPR funds.  (*See, e.g.*, comparison of the 2010 SPR Report vs. the SPR 746 Report, attached as Electronic Exhibits "24" and "1," respectively, and incorporated by reference.)

13. In light of the foregoing, it is clear that Defendant(s) intentionally and/or recklessly disregarded professional standards regarding the implementation of departmental scientific integrity and the NSPE Code of Ethics for Engineers when they created the SPR 746 Report (*see, e.g.*, Code of Ethics for Engineers attached as Electronic Exhibit "17" and incorporated by reference).

14. Specifically, based on the standards for research integrity and the Engineering Code of Ethics, the government and others would expect this to be a fair and complete Report, free of fraudulent misrepresentations and material omissions.  They have a right to expect that the authors of an expensive study could update the literature review from the materials they had

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 72

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

considered for a prior 2010 study. They could also reasonably expect that the Defendants would include what was readily available in terms of news and testimonials contained in the many articles, news and research since 2010 – especially since it was readily available and conveniently compiled on Mobile Barriers website.

15. In creating the SPR 746 Report, Defendants intentionally and/or recklessly committed numerous procedural errors in their research, writing, editing, evaluating and/or reviewing processes. Defendants were provided, or had access to, numerous letters, articles, press releases, reports and studies showing that their statements about Mobile Barriers MBT-1® were false. Defendants persisted with their false claims and omissions of material fact notwithstanding the considerable information from Mobile Barriers and related experts which showed the truth.

16. On information and belief, Defendants' collectively disregarded the procedural rules of both the U.S. Department of Transportation (DOT) and ODOT, which resulted in numerous factual inaccuracies and substandard, incorrect, confusing and misleading scientific processes and analysis (within the SPR 746 Report).

17. As detailed above, Defendants Gambatese and Tymvios, in their individual and/or official capacities, induced the Government to enter into the contract for the research project and SPR funds with false or fraudulent statements or implications that Defendants would provide provide ODOT and FHWA with current, accurate, and complete information about the MBT-1®, and instead submitted false claims and fraudulent misrepresentations in the SPR 746 Report concerning Plaintiff's MBT-1® for which Defendants received SPR funds and personally benefited.

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 73

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

18. Defendants Gambatese and Tymvios, in their individual and/or official capacities, authorized and ratified all the violations of the False Claims Act committed by themselves and/or their various agents and employees.

19. Defendants Gambatese and Tymvios, in their individual and/or official capacities, violated the Research Integrity Policy and related contractual obligations by intentionally failing to provide ODOT and FHWA with current, accurate, and complete information about the MBT-1[®] and to report changes and updates concerning the Balsi Beam's lack of operational functions and viability for use on Federal Highways where speeds of motorists exceed 43 mph..

20. Defendants Gambatese and Tymvios, in their individual and/or official capacities, knowingly made these false claims and fraudulent misrepresentations, but refused to discuss, meet, follow the administrative process for resolution of the issues or for handling appeals.

21. The United States Government and the public fisc have been damaged as a result of Defendants' violations of the False Claims Act.

22. Plaintiff requests a jury trial on all issues so triable.

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

### COLORADO GOVERNMENT IMMUNITY ACT (GIA),
### CRS § 24-10-102 *et seq*.

**(Against Defendants Gambatese in their Individual and/or Official Capacities)**

23. Each of the foregoing allegations is realleged and incorporated hereby.

24. As described in this Complaint and detailed in Exhibit "A" attached hereto and incorporated by reference, Defendants Gambatese and Tymvios, in their individual and/or official capacities, engaged in willful and wants acts and omissions, including the following: (i) knowingly presented, or caused to be presented, to the United States Government, a false or

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 74

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

fraudulent claim for payment or approval; (ii) knowingly made, used, or caused to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; and (iii) knowingly made, used, or caused to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; and (iii) knowingly made, used, or caused to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government.

25. Defendants' willful and wanton acts and omissions were in violation of Federal law, i.e., the False Claims Act and Research Integrity Policy.

26. The following statements and implications in Defendants' SPR 746 Report are false and misleading, and misrepresented the characteristics and qualities of Mobile Barriers MBT-1®, to the extent each of the Defendants engaged in the following:

(a) Falsely stating or implying that the MBT-1® has defects, problems, or unresolved issues or shortfalls by completely failing to consider relevant information concerning the MBT-1® that was/is obvious and easily accessible via the internet and/or available directly from the Plaintiff's web site and otherwise;

(b) Falsely stating or implying that the MBT-1® should be compared to other non-analogous products/systems that are not in the same league, rankings or classifications as the MBT-1®;

(c) Falsely stating or implying that the MBT-1® should be configured in an incorrect or inappropriate manner in a given work zone (which is/was in direct contradiction to manufacturer's instructions and, thus, caused extensive problems and failures during the Defendants' subsequent testing);

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 75

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

(d) Falsely stating or implying that an inappropriate or incorrect application of biased and/or improper metrics should be used to determine costs;

(e) Falsely stating or implying that an improper perpetuation of outdated and/or inaccurate data should be relied upon by actual or potential clients who are considering the purchase of the MBT-1®;

(f) Falsely stating or implying that an incorrect focus and emphasis should be placed on inapplicable and/or nonexistent regulations, creating unnecessary doubt and confusion as to whether MBT-1® could be used in various site situations; and

(g) Falsely stating or implying that actual or potential clients and users of the MBT-1® should rely on inaccurate and/or inappropriate assumptions and assertions that do not reflect user experiences or referenced materials, including but not limited to the following:

(i) Defendants knowingly and intentionally asserted that other barrier system(s) referenced within the SPR 746 Report are comparable to the MBT-1®. Such statements are false, defamatory and disparaging to MBT-1® because, for example, the Caltrans Balsi Beam is neither commercially available nor speed appropriate for use on the interstate highway system. It is well established that the Balsi Beam's self-created crash report limits usage of the Balsi Beam to situations where the potential for impact is not to exceed 43 mph. Further, the Balsi Beam has never been approved for usage on the national highway system by the FHWA. On information and belief, other than Caltrans who developed the Balsi Beam and unsuccessfully spent years trying to promote and deploy it in the field, there is no other DOT, tollway, or contractor (i.e., in

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 76

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone: (404) 345-2737

short, nobody) that ever acquired a Balsi Beam.  Any effort by the Defendants to help sell and/or promote the Balsi Beam, and even to include a reference to its name in the survey, was done in a knowing, malicious, and bad faith manner; and

(ii) Defendants knowingly and intentionally entitled the SPR 746 Report to be an evaluation of the MBT-1®, but then made false, defamatory and disparaging comments about other unrelated and unknown "movable barriers." Accordingly, the extended, superfluous discussion of such other "movable barriers" only served to amplify confusion as to proprietary origins of the MBT-1®, how the MBT-1® works, and how the MBT-1® is and is not to be utilized.

27.   Defendants Gambatese and Tymvios, in their individual and/or official capacities, engaged in these willful and wanton acts and omissions that will preclude and/or dissuade the use of the MBT-1 in work zones and create the potential for harm to the safety of the workers and motorists in highway construction zones across the United States.  According to the National Motorists Association ("NMA"), "*Accidental deaths in highway construction zones across the United States averaged 850 per year between 2006 and 2008.  Injuries in these work zones have been estimated at 40,000 per year.*"  (See NMA report attached as Electronic Exhibit "13" and incorporated by reference.)

28. Defendants' false claims and fraudulent representations caused extensive harm and damage, including monetary losses and injury to the reputation of Mobile Barriers MBT-1®.

29. Plaintiff requests a jury trial on all issues so triable.

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 77

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

## THIRD CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

## FRAUD

### (Against All Defendants)

30. Each of the foregoing allegations is realleged and incorporated hereby.

31. Commencing in or before early 2011, and continuing through the filing of this Complaint in June 2014, Defendants communicated with Plaintiff and stated that they were preparing a special SPR 746 Report to evaluate the Mobile Barriers MBT-1®.  Defendants falsely represented that they would be fair and accurate in their statements and analyzes in the SPR 746 Report.  Defendants falsely represented that they would work closely with Plaintiff and promised to provide it a copy of the Initial Draft of the SPR 746 Report to Plaintiff for review and input. Defendants further falsely represented that they would provide ample time for doing so.

32. The Defendants' false misrepresentations and promises created untrue and misleading impressions of fact in the minds of Plaintiff who relied on these statements.

33. On information and belief, each of the Defendants knew that their statements and misrepresentations were false, or recklessly disregarded their falsity, when they communicated them to Plaintiff.  Defendants in fact intended that Plaintiff would rely upon these false misrepresentations and promises, and thereby would be unprepared for and unable to effectively stop the Defendants from publishing the final SPR 746 Report with its false, defamatory and disparaging statements about Mobile Barriers MBT-1®.

34. Defendant OSU also failed to exercise due care to prevent the presentation, publication or republication of these false statements and misrepresentations as part of and during their oversight of Defendants Gambatese and Tymvios.

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 78

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

35. Each of these false representations was material to Plaintiff, who relied on Defendants to be fair and accurate in their SPR 746 Report.  Plaintiff further relied on the representations that Defendants would afford Plaintiff an opportunity to provide comments and input regarding the SPR 746 Report before it was finalized to ensure it was complete and accurate concerning its evaluation of Mobile Barriers MBT-1®.

36. In the SPR 746 Report, each of the Defendants instead misrepresented the characteristics and qualities of Mobile Barriers MBT-1®, to the extent each of the Defendants engaged in the following:

(a) Falsely stating or implying that the MBT-1® has defects, problems, or unresolved issues or shortfalls by completely failing to consider relevant information concerning the MBT-1® that was/is obvious and easily accessible via the internet and/or available directly from the Plaintiff's web site and otherwise;

(b) Falsely stating or implying that the MBT-1® should be compared to other non-analogous products/systems that are not in the same league, rankings or classifications as the MBT-1®;

(c) Falsely stating or implying that the MBT-1® should be configured in an incorrect or inappropriate manner in a given work zone (which is/was in direct contradiction to manufacturer's instructions and, thus, caused extensive problems and failures during the Defendants' subsequent testing);

(d) Falsely stating or implying that an inappropriate or incorrect application of biased and/or improper metrics should be used to determine costs;

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 79

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

(e) Falsely stating or implying that an improper perpetuation of outdated and/or inaccurate data should be relied upon by actual or potential clients who are considering the purchase of the MBT-1®;

(f) Falsely stating or implying that an incorrect focus and emphasis should be placed on inapplicable and/or nonexistent regulations, creating unnecessary doubt and confusion as to whether MBT-1® could be used in various site situations; and

(g) Falsely stating or implying that actual or potential clients and users of the MBT-1® should rely on inaccurate and/or inappropriate assumptions and assertions that do not reflect user experiences or referenced materials, including but not limited to the following:

(i) Defendants knowingly and intentionally asserted that other barrier system(s) referenced within the SPR 746 Report are comparable to the MBT-1®. Such statements are false, defamatory and disparaging to MBT-1® because, for example, the Caltrans Balsi Beam is neither commercially available nor speed appropriate for use on the interstate highway system. It is well established that the Balsi Beam's self-created crash report limits usage of the Balsi Beam to situations where the potential for impact is not to exceed 43 mph. Further, the Balsi Beam has never been approved for usage on the national highway system by the FHWA. On information and belief, other than Caltrans who developed the Balsi Beam and unsuccessfully spent years trying to promote and deploy it in the field, there is no other DOT, tollway, or contractor (i.e., in short, nobody) that ever acquired a Balsi Beam. Any effort by the Defendants to help sell and/or promote the Balsi Beam, and even to include a reference to

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 80

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone: (404) 345-2737

its name in the survey, was done in a knowing, malicious, and bad faith manner; and

(ii) Defendants knowingly and intentionally entitled the SPR 746 Report to be an evaluation of the MBT-1®, but then made false, defamatory and disparaging comments about other unrelated and unknown "movable barriers." Accordingly, the extended, superfluous discussion of such other "movable barriers" only served to amplify confusion as to proprietary origins of the MBT-1®, how the MBT-1® works, and how the MBT-1® is and is not to be utilized. (*See, also*, Exhibit "A" attached hereto and incorporated by reference with a more detailed listing of the false claims, omissions of material facts, worthless services, and double billing.)

37. When Defendants released the Initial SPR 746 Report in February 2013, contrary to Defendants earlier representations, they gave Mobile Barriers only a very short deadline by which to respond. Mobile Barriers promptly complied and sent a redlined version of proposed corrections and changes to the SPR 746 Report to ensure it was true and accurate. Contrary to Defendants' representations that it would review and discuss Plaintiff's proposed comments and changes, Defendants completely ignored the Plaintiff's redlined changes and requests for corrections.

38. On June 5 and 20, 2013, Mobile Barriers sent further communications requesting an opportunity to meet with Defendants. Contrary to its earlier promises, Defendants refused to do so. As part of its June 20, 2013 letter, Plaintiff Mobile Barriers explained as follows:

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 81

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

*[Mobile Barriers] has serious concerns regarding the report. Your refusal to meet or discuss the issues as earlier promised is untenable. To "wait and see" is impractical. Once issued, any and all opportunities to address and rectify erroneous/misleading information will effectively be lost.*

*[Mobile Barriers] has expressed to you very real concerns regarding the SPR 746 Report, but its concerns extend beyond merely those submitted. Written comments were prepared for you on short notice. Other concerns have been communicated to you and your staff. It's unclear why you are unwilling to discuss them professionally and like any other businessman. It is clear that you have not addressed all of the concerns and are unwilling to discuss which ones you have not or why.*

(*See,* Mobile Barriers June 20, 2013 letter attached as Electronic Exhibit "32" and incorporated by reference; see, also, Research Integrity complaint filed with ODOT attached as Electronic Exhibit "32" and incorporated by reference.)

39. Plaintiff provided notice of its intent to file claims against the Defendants on numerous occasions to each of the Defendants and ODOT, including the most recent notice which occurred on June 9 and 10, 2014 prior to filing this Complaint.  Specifically, Mobile Barriers provided notice to Defendants OSU and Gambatese that it would file legal claims if they would not agree to meet with the Plaintiff to discuss corrections of the false claims and fraudulent misrepresentations in the SPR 746 Report.  Defendant OSU responded on behalf of the Defendants by refusing to meet.  Defendant Gambatese refused to return the phone call.

40. When Defendants published the false claims and fraudulent misrepresentations about Mobile Barriers MBT-1®, Defendants knew them to be false, and these representations were made by Defendants with the intent to defraud and deceive Plaintiff to act in the manner herein alleged.   Plaintiff's reliance on the Defendants' false claims and fraudulent representations caused extensive harm and damage, including monetary losses and injury to the reputation of Mobile Barriers MBT-1®.

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 82

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

## FOURTH CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

## INJUNCTIVE RELIEF

### (Against All Defendants)

41. Each of the foregoing allegations is realleged and incorporated hereby.

42. Plaintiff has no adequate remedy at law to prevent additional/continued publication of Defendants' flawed SPR 746 Report and further publication threatens irreparable harm to Plaintiff's business in the form of Plaintiff's loss of investment in the MBT-1®.

43. The Court's intervention is necessary to halt further wrongful publication of Defendants' SPR 746 Report and prevent irreparable harm to Plaintiff.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff / Relator Mobile Barriers, on behalf of itself and the United States Government, prays:

1. ***On the First Claim for Relief for Violations of the False Claims Act:***

   a. That this Court enter a judgment against each of Defendants Gambatese and Tymvios in an amount equal to three (3) times the amount of damages the United States has sustained as a result of Defendants' violations of the False Claims Act;

   b. That this Court enter a judgment against each of Defendants Gambatese and Tymvios for a civil penalty of $10,000 for each of Defendant's violations of the False Claims Act;

   c. That Plaintiff / Relator Mobile Barriers recover all costs of this action, with interest, including the cost to the United States Government for its expenses related to this action;

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

    d.   That Plaintiff / Relator Mobile Barriers be awarded all reasonable attorneys' fees in bringing this action;

    e.   That in the event the United States Government proceeds with this action, Plaintiff / Relator Mobile Barriers be awarded an amount for bringing this action of at least 15% but not more than 25% of the proceeds of the action;

    f.   That in the event the United States Government does not proceed with this action, Plaintiff / Relator Mobile Barriers be awarded an amount for bringing this action of at least 25% but not more than 30% of the proceeds of the action;

    g.   That Plaintiff / Relator Mobile Barriers Singer be awarded prejudgment interest;

    h.   That a trial by jury be held on all issues so triable; and that Plaintiff / Relator Mobile Barriers and the United States of America receive all relief to which either or both may be entitled at law or in equity.-

**2.**   ***On the Second Claim for Relief under Colorado Government Immunity Act:***

    a.   That this Court enter a judgment against each of Defendants Gambatese and Tymvios in an amount for a single occurrence the sum of $350,000 for damages sustained.

**3.**   ***On the Third Claim for Relief for Fraud:***

    a.   That this Court award general damages in a sum to be proven at trial.

**4.**   ***On the Fourth Claim for Injunctive Relief:***

    a.   That this Court award a permanent injunction enjoining each of Defendants, their agents, employees, and attorneys from violating, directly or indirectly, the False Claims Act.

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 84

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

b.   That this Court award a permanent injunction enjoining each of Defendants, their agents, employees, and attorneys from publishing, posting, displaying, distributing, issuing, disseminating, making available, or otherwise engaging in any related acts or omissions concerning all or any aspect of the SPR 746 Report containing the false claims and fraudulent misrepresentations.

c.   That this Court award a permanent injunction enjoining each of Defendants, their agents, employees, and attorneys from conducting presentations on, discussing, speaking, communicating about, or otherwise engaging in any related acts or omissions concerning all or any aspect of the SPR 746 Report containing the false claims and fraudulent misrepresentations.

**5.  *On All Claims for Relief:***

a.   For any additional relief the Court sees fit to award per its powers at law and/or in equity.

Dated:  July 31, 2014                    By:_____/S/_____
                                         LAURA LEE BLAKE, ESQ.
                                         ATTORNEY FOR PLAINTIFF
                                         MOBILE BARRIERS LLC
                                         24918 Genesee Trail Road
                                         Golden, Colorado 80401
                                         Email:  lauralee@mobilebarriers.com
                                         Cell:  404-345-2737

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 85

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

<u>EXHIBIT " A"</u>

<u>Defendants' Violations Of FCA For Knowingly Presenting, Or Causing To Be Presented:</u>

1. <u>A False Or Fraudulent Claim,</u>

2. <u>Omission Of Material Facts,</u>

3. <u>Provision Of Worthless Services, And</u>

4. <u>Double Billing,</u>

<u>For Payment Or Approval To The Federal Government</u>

I. <u>FALSE CLAIMS AND FRAUDULENT MISREPRESENTATIONS</u>:

The false claims and fraudulent misrepresentations in the SPR 746 Report had seven (7) significant components, to the extent each of the Defendants engaged in the following:

1. <u>Falsely claiming or fraudulently misrepresenting</u> that the MBT-1® has defects, problems, or unresolved issues or shortfalls;

2. <u>Falsely claiming or fraudulently misrepresenting</u> that the MBT-1® should be compared to other non-analogous products/systems that are not in the same league, rankings or classifications as the MBT-1®;

3. <u>Falsely claiming or fraudulently misrepresenting</u> that the MBT-1® should be configured in an incorrect or inappropriate manner in a given work zone (which is/was in direct contradiction to manufacturer's instructions and, thus, caused extensive problems and failures during the Defendants' subsequent testing);

4. <u>Falsely claiming or fraudulently misrepresenting</u> that an inappropriate or incorrect application of biased and/or improper metrics should be used to determine costs;

5. <u>Falsely claiming or fraudulently misrepresenting</u> that an improper perpetuation of outdated and/or inaccurate data should be relied upon by actual or potential clients who are considering the purchase of the MBT-1®;

6. <u>Falsely claiming or fraudulently misrepresenting</u> that an incorrect focus and emphasis should be placed on inapplicable and/or nonexistent regulations, creating unnecessary doubt and confusion as to whether MBT-1® could be used in various site situations; and

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 86

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone: (404) 345-2737

7.  <u>Falsely claiming or fraudulently misrepresenting</u> that actual or potential clients and users of the MBT-1® should rely on inaccurate and/or inappropriate assumptions and assertions that do not reflect user experiences or referenced materials, including but not limited to the following:

d.  Defendants knowingly and intentionally asserted that other barrier system(s) referenced within the SPR 746 Report are comparable to the MBT-1®.  Such statements are false and fraudulent because, for example, the Caltrans Balsi Beam is neither commercially available nor speed appropriate for use on the interstate highway system.  It is well established that the Balsi Beam's self-created crash report limits usage of the Balsi Beam to situations where the potential for impact is not to exceed 43 mph.  Further, the Balsi Beam has never been approved for usage on the national highway system by the FHWA.  On information and belief, other than Caltrans who developed the Balsi Beam and unsuccessfully spent years trying to promote and deploy it in the field, there is no other DOT, tollway, or contractor (*i.e.,* in short, nobody) that ever acquired a Balsi Beam.  (*See, e.g.,* crash tests and related information regarding the Balsi Beam attached as Electronic Exhibits "28" and "29" and incorporated by reference.)  Any effort by the Defendants to help sell and/or promote the Balsi Beam, and even to include a reference to its name in the survey, was done in a knowing, malicious, and bad faith manner; and

e.  Defendants knowingly and intentionally entitled the SPR 746 Report to be an evaluation of the MBT-1®, but then made false claims and fraudulent misrepresentations about other unrelated and unknown "movable barriers." Accordingly, the extended, superfluous discussion of other "movable barriers" only served to amplify confusion as to proprietary origins of the MBT-1®, how the MBT-1® works, and how the MBT-1® is and is not to be utilized.

f.  Defendants knowingly and intentionally misrepresented weekend comparisons of traffic flows on different nights as comparable, and various work zone simulations as being representative (even though they were clearly different).  Defendants also conducted a survey in a purported attempt to find clients that were using either the

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 87

*LAURA LEE BLAKE, ESQ.*
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

MBT-1® or Balsi Beam -- when they knew and had been informed regarding who was using the MBT-1® and that nobody (other than the Caltrans developers) had acquired the Balsi Beam.  Each of these factors added a lot of time and cost to the SPR 746 Study.   In the end, it appears that this project was simply used to subsidize the Defendant professor Gambatese and provide his graduate student Tymvios with scholarship money for 1 ½ semesters, along with an extension for an additional semester until the Tymvios finally graduated.

## II.  OMISSION OF MATERIAL FACTS:

The omission of material facts in the SPR 746 Report had two (2) significant components, to the extent each of the Defendants engaged in the following:

19. Omitting material facts that the MBT-1® is:

- The only mobile barrier system that has been tested and is FHWA accepted/eligible for reimbursement and use on the National Highway System under both the National Cooperative Highway Research Program ("NCHRP") 350 & MASH, at both the TL-2 and TL-3 levels,

- Leading the industry for innovations in technology,

- Improving safety in and around work zones for workers and motorists alike,

- Increasing productivity,

- Reducing the need for collateral equipment,

- Providing workers with more time and space to perform their tasks;

The importance of these material facts is obvious and such information is easily accessible via the internet and/or available directly from the Plaintiff's web site and otherwise;

20. Omitting material facts and intentionally failing to update the "Literature Review" with the substantial amount of additional press, news articles, broadcast news, and research readily available about the MBT-1® and conveniently located on the Mobile Barriers website, which the Defendants themselves failed to consider based on the lack of any reference to these important documents in the SPR 746 Report itself or the bibliography attached thereto.  In short, if there was positive information or press

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 88

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

coverage, Defendants omitted or deleted it.  (*See, e.g.*, all of the numerous positive articles and materials set forth in Electronic Exhibits 4–6, 8–12, 19 and 34 which were omitted or deleted by Defendants attached hereto and incorporated by this reference.)

21. Omitting material facts in order to promote the Balsi Beam for further potential research studies totaling hundreds of thousands in SPR funds, while fully knowing that the Balsi Beam is simply not comparable to the MBT-1® because, for example, the Caltrans Balsi Beam is neither commercially available nor speed appropriate for use on the interstate highway system.  Thus, Defendants omitted the following material facts:

- The Balsi Beam's self-created crash report limits usage of the Balsi Beam to situations where the potential for impact is not to exceed 43 mph.

- The Balsi Beam has never been approved for usage on the national highway system by the FHWA.

- On information and belief, other than Caltrans who developed the Balsi Beam and unsuccessfully spent years trying to promote and deploy it in the field, there is no other DOT, tollway, or contractor (i.e., in short, nobody) that ever acquired a Balsi Beam.

(*See, e.g.,* crash tests and related information regarding the Balsi Beam attached as Exhibits "28" and "29" and incorporated by reference.)

Any effort by the Defendants to help sell and/or promote the Balsi Beam, and even to include a reference to its name in the survey, was done in a knowing, malicious, and bad faith manner for their own personal agenda.


## III.   PROVISION OF WORTHLESS SERVICES

In light of the false claims and fraudulent misrepresentations, along with the significant omission of material facts, the Defendants' Final SPR 746 Report was worthless and without relevance.

By submitting the SPR 746 Report with its false claims and omitted material facts, Defendants provided worthless and shoddy services of no value to the Government.  The

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 89

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

Government could not rely on the contents of the record or the SPR 746 Report, and could not make any decisions arising therefrom.

During a time when the Highway Trust Fund is "going broke" for lack of funds, it is even more important that the Government demand and expect its research teams to produce truthful, accurate, complete and professional reports on which it can rely.  The Government should not be required to pay SPR funds for anything less than top quality work and services.

Here, Defendants' activities and services unquestionably violated the False Claims Act, the Research Integrity Policy, and the Engineers Code of Ethics.  Defendants should be ordered to pay all fines and penalties under the FCA, and further be enjoined from publishing, distributing, circulating or speaking about the SPR 746 Report and the corresponding research.

## IV. DOUBLE BILLING:

Along with the false claims and significant omissions of material fact, Defendants further engaged in double billing of the Government.   Specifically, in March 2010, Defendant Gambatese completed another SPR Report entitled "WORK ZONE DESIGN AND OPERATION ENHANCEMENTS, SPR 669" ("2010 SPR Report").   On information and belief, the project timeline was from November 2007 through December 2009, and Defendants received more than $131,716 in SPR funding for the 2010 SPR Report.  (*See*, 2010 SPR Report attached as Electronic Exhibit "24" and incorporated by reference.)

Significantly, in creating the SPR 746 Report on the Mobile Barriers MBT-1[®], Defendants used many of the same resources and copied significant portions of the 2010 Report verbatim.   On information and belief, Defendants thus double billed the Government for the exact same work and the literature review that had been conducted for the SPR 746 Report that had already been done for the 2010 SPR Report.

Remarkably, instead of charging the Government less for copying the previous work that had been done and paid for – Defendants actually double billed the Government and charged more for the SPR 746 Report in an amount of more than $142,605 in SPR funds.  (*See, e.g.,* comparison of the 2010 SPR Report vs. the SPR 746 Report, attached as Electronic Exhibits "24" and "1," respectively, and incorporated by reference.)

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 90

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

In light of the foregoing, it is clear that Defendant(s) intentionally and/or recklessly disregarded professional standards regarding the implementation of departmental scientific integrity and the NSPE Code of Ethics for Engineers when they created the SPR 746 Report (*see, e.g.*, Code of Ethics for Engineers attached as Electronic Exhibit "17" and incorporated by reference).

Specifically, based on the standards for research integrity and the Engineering Code of Ethics, the government and others would expect this to be a fair and complete Report, free of fraudulent misrepresentations and material omissions.  They have a right to expect that the authors of an expensive study could update the literature review from the materials they had considered for a prior 2010 study.  They could also reasonably expect that the Defendants would include what was readily available in terms of news and testimonials contained in the many articles, news and research since 2010 – especially since it was readily available and conveniently compiled on Mobile Barriers website.

In creating the SPR 746 Report, Defendants intentionally and/or recklessly committed numerous procedural errors in their research, writing, editing, evaluating and/or reviewing processes.  Defendants were provided, or had access to, numerous letters, articles, press releases, reports and studies showing that their statements about Mobile Barriers MBT-1® were false.  Defendants persisted with their false claims and omissions of material fact notwithstanding the considerable information from Mobile Barriers and related experts which showed the truth.

On information and belief, Defendants' collectively disregarded the procedural rules of both the U.S. Department of Transportation (DOT) and ODOT, which resulted in numerous factual inaccuracies and substandard, incorrect, confusing and misleading scientific processes and analysis (within the SPR 746 Report).

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 91

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2727

**EXHIBIT "B"**
**ELECTRONIC LIST OF KEY DOCUMENTS AND RELATED EVIDENCE**

| EXH. | NAME OF DOCUMENT |
|------|------------------|
| 1. | **"Evaluation of a Mobile Work Zone Barrier System – SPR 746" ("SPR 746 REPORT") [FINAL]**:<br>➢ **.SPR 746 Report [FINAL]** |
| 2. | **MOBILE BARRIERS COMMENTS to Draft SPR 746 Report** |
| 3. | **MOBILE BARRIERS APPENDIX "A" to Draft SPR 746 Report** |
| 4. | **MOBILE BARRIERS Design and Functionality Information**<br>➢ **Mobile Barriers Website**<br>➢ **Mobile Barriers Background and Specifications**<br><br>**MOBILE BARRIERS Photos:**<br>➢ **Day Photos (day work)**<br>➢ **Night Photos (night work)**<br>➢ **Security Defense Photos (military)**<br>➢ **Crash Photos**<br>➢ **Shop Photos**<br>➢ **Misc Photos**<br><br>**MOBILE BARRIERS Drawings, Animations and Other Videos**<br>➢ **Short Term Work Zone Video**<br>*(North Texas Tollway Authority)*<br>➢ **Reconfiguration - Video**<br>➢ **MUTCD Guidance and Drawings**<br>➢ **Security & Defense Applications**<br>➢ **Rear Steer Video**<br>➢ **Rear Steer Animation**<br>➢ **Sample Crash Footage - Other Barriers**<br>➢ **Additional MBT-1® Videos**<br><br>**MOBILE BARRIERS – FWHA Approval**<br>➢ **USDOT Life Value Memo 2013**<br>➢ **FHWA Memo 2012**<br>*(Federal-Aid Reimbursement Eligibility)*<br>➢ **FHWA Memo 2011**<br>*(Use of Innovative Products)*<br>➢ **FHWA Webinar - Mobile Barriers MBT-1®**<br>*(Password is 8085178)*<br>➢ **FHWA Acceptance Letter** |

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 92

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

| | |
|---|---|
| | **MOBILE BARRIERS Security and Defense**<br>➢ **http://www.mobilebarriers.com/security-defense-photos.html**<br><br>**MOBILE BARRIERS Reconfiguration Videos**<br>➢ **http://www.mobilebarriers.com/reconfiguration-mobile-barrier.html** |
| 5. | **MOBILE BARRIERS Awards:**<br>➢ **TAC-ATC Honoree 2013**<br>➢ **IRF Award 2012**<br>➢ **ARTBA Award 2012**<br>➢ **ATSSA Award 2009**<br>➢ **Better Roads Award 2009** |
| 6. | **MOBILE BARRIERS Crash Test Results (SWRI):**<br>➢ **Overview** with Crash Test videos<br>➢ **Crash Test Report**<br>➢ **FHWA Acceptance Letter** |
| 7. | **MOBILE BARRIERS State Usage Reports -- for COLORADO**<br>➢ See above Articles and News Coverage<br>➢ Dr. Hallowell Report:<br>   o **.Dr. Hallowell Mobile-Barriers Oct-2010.pdf** |
| 8. | **MOBILE BARRIERS State Usage Reports -- for NY and NJ**<br>➢ See above Articles and News Coverage<br>➢ Kampa & Washington 2009:<br>   o **.Kampa & Washington 2009.pdf** |
| 9. | **MOBILE BARRIERS State Usage Reports -- for TEXAS**<br>➢ See above Articles and News Coverage<br>➢ Modern Contractor Magazine:<br>   o **.(July 2014) Road Projects Benefit from Mobile Barriers - Modern Contractor**<br>➢ Fleet Owner Magazine:<br>   o **.(July 2014) Big-Barriers-Boosting-Road-Work-Fleet Owner Mag**<br>➢ Bloschock PowerPoint 2010:<br>   o **.Bloschock 2010.pdf**<br>➢ Pickard 2009:<br>   o **.Pickard TX Contractor - Mobile Barriers Article 091211**<br>➢ NTTA 2011:<br>   o **.NTTA Driving Forward w Mobile Barriers MBT-1** |

| 10. | **MOBILE BARRIERS State Usage Reports -- for ONTARIO, CANADA** |
| | ➢ **See above Articles and News Coverage** |
| | ➢ **Graham 2011:** |
| |     o **.Graham 2011 Mobile-Barriers-Article-1- Innovative-Mobile-Work-Zone-Barrier-** |
| | ➢ **Buchanan & Phillips 2011:** |
| |     o **.Buchanan & Phillips 2011 Mobile-Barriers-Article-Innovations-in-Bridge-Repair** |
| | ➢ **TAC:** |
| |     o **TAC Reported Information** |
| 11. | **MOBILE BARRIERS State Usage Reports – Multi-State:** |
| | ➢ **Barbaccia 2011:** |
| |     o **.Barbaccia 2011 -- Better Roads Magazine - Mobile Barriers MBT-1 September 2011** |
| 12. | **MOBILE BARRIERS News Coverage:** |
| | ➢ **Dallas TV 33 News Coverage of MBT-1®** |
| | ➢ **NBC-DFW News Coverage of MBT-1®** |
| | ➢ **Denver 9 News Coverage of MBT-1®** |
| 13. | **NMA Report on Highway Work Zone Accidents with Fatalities and Injuries** |
| | ➢ **.NMA Dispelling Highway Construction Zone Myths (May 2010).pdf** |
| 14. | **SPR Guide And Information:** |
| | ➢ **. FHWA Summary Report, State Planning and Research (SP&R) Guide – Oversight and Stewardship** |
| | ➢ **.FHWA Summary Report, State Planning and Research (SPR) Guide, Legislation . Regulation** |
| | ➢ **. Research, Technology, and Education Partnerships Overview--  Federal Highway** |
| 15. | **FTA.dot.gov with section entitled MAP-21** |
| | ➢ **. MAP-21 - Fact Sheets - State Planning and Research (SP&R)  Federal Highway** |
| | ➢ **. MAP21_essay_style_summary** |
| 16. | **Presidential Order On Research Misconduct Policy & DOT Implementation** |
| | ➢ **. Executive Order re President on Research Integrity Published\Federal Research Misconduct Policy   ORI - The Office of Research Integrity** |
| | ➢ **. Executive Order re President on Research Integrity Published\65_Federal_Reg76260_Policy** |
| | ➢ **. (2.2002) U.S. DOT Policy on Research Misconduct** |
| | ➢ **. (4.10.2012) DOT Implementation of Scientific Integrity Policy** |

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 94

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

| 17. | **Engineering Ethical Standards:** |
| | ➤ **.NSPE Code of Ethics for Engineers 131213.pdf.pdf** |
| | ` |
| 18. | **Articles concerning the lack of funds for the Highway Trust Fund and the impact on the State DOTs:** |
| | ➤ ***"Highway Trust Fund Growing Broke?  Tennessee DOT's Commissioner Explains Impact on the State,"* Cleveland Daily Banner, July 18, 2014;** |
| | ➤ ***"Mississippi DOT Sounds Alarm on Federal Highway Fund, Outlines Consequences at Home,"* AASHTO Journal, July 18, 2014;** |
| | ➤ ***"Alabama DOT Adjusts to Keep Projects Going as Long as Possible in Face of Funding Crunch,"* Mike D. Smith, AL.com, July 13, 2014** |
| 19. | **MOBILE BARRIERS Presentations And Papers:** |
| | ➤ **ASHE Presentation 2014** |
| | ➤ **Intertraffic Presentation 2014** |
| | ➤ **ARTBA ConExpo Presentation 2014** |
| | ➤ **TRB Presentation 2014** |
| | ➤ **IRF Presentation 2013** |
| | ➤ **NAATSHO Presentation 2013** |
| | ➤ **WASHTO Presentation 2013** |
| | ➤ **AASHTO Presentation 2013** |
| | ➤ **ARTBA Presentation 2012** |
| | ➤ **AMOTIA Presentation 2012** |
| | ➤ **ATSSA Signal Spring 2012** |
| | ➤ **UDOT Scanning Tour** |
| | ➤ **TRB Presentations 2011** |
| | ➤ **WASHTO Presentations 2012** |
| | ➤ **WASHTO Attendees 2012** |
| | ➤ **TRB Presentation 2010** |
| | ➤ **Liberty Mututal Insurance 2010** |
| | *(Mobile Barriers MBT-1®)* |
| | ➤ **NCUTCD Presentation 2010** |
| | ➤ **NJDOT Tech Brief** |
| | ➤ **MBT-1® an Integral Part of CDOT Positive Protection Guidelines & Subpart K Compliance** |
| | ➤ **Comparison of Mobile Work Zone Barriers** |
| | ➤ **Mobile Barriers Brochure** |
| | ➤ **Mobile Barriers Flyer** |
| | ➤ **Mobile Barriers Postcard** |
| 20. | **SPR 746 Report 2011 Work Plan Submitted by Defendants** |
| | ➤ **.OR Research Work Plan 2011.pdf** |

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 95

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

| 21. | **Dr. Hallowell Research Paper on MBT-1**[®] |
| | ➢ **.Dr. Hallowell Mobile-Barriers Oct-2010** |
| 22. | **Gambatese Research Group Website:** |
| | ➢ **.Gambatese Research Group\Gambatese Research Partners** |
| | ➢ **.Welcome to Gambatese Research Group 2013 Funded and Related Projects** |
| 23. | **OSU Contacts With Colorado – Student Programs for Colorado** |
| | ➢ **Welcome Colorado Students** |
| 24. | **John Gambatese's Other 2010 SPR Study:** |
| | ➢ **.Gambatese Research Group\Gambatese other report Work Zone Design and Operation Enhancements** |
| 25. | **Emails With Defendant Tymvios and CDOT's (Customers) Concerns About Unprofessional Conduct** |
| | ➢ **. Emails with Defendant Tymvios and Concerns about his Unprofessional Conduct** |
| 26. | **ODOT Annual Report and Quarterly Updates Re SPR 746 Report** |
| | ➢ **2011 Quarterly Reports:** |
| |     ○ **.2011 ODOT Quarterly Report (Q4)** |
| | ➢ **2012 Quarterly Reports:** |
| |     ○ **.ODOT Spring 2012 Quarterly Report Re Study** |
| | ➢ **2013 Quarterly Reports:** |
| |     ○ **.ODOT Spring 2013 Quarterly Report Re Study** |
| | ➢ **2012 ODOT Annual Report:** |
| |     ○ **.2012 ODOT Annual_Report.pdf** |
| | ➢ **2013 ODOT Annual Report:** |
| |     ○ **.2013 ODOT Annual_Report.pdf** |
| 27. | **Information On Research Committee – ODOT RAC (Research Advisory Committee) and Maintenance and Operations ETG (Expert Task Group):** |
| 28. | **Balsi Beam Information:** |
| | ➢ **Comparison of Mobile Work Zone Barriers** |
| 29. | **Balsi Beam Crash Tests:** |
| | ➢ **.Balsi Beam\Best Practices Comparison Mobile Barriers MBT-1 & Crash Test for Caltrans Balsi Beam Vs MBT-1** |
| | ➢ **.(2008) Balsi Beam Final Crash Test Report (See p. 31 Recommendations)** |

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 96

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone: (404) 345-2737

| 30. | **Defendants' Recent Presentations of the SPR 746 Report and/or MBT-1 Tests:** |
|---|---|
| | ➢ **January 2014 TRB Conference in Washington, DC:** |
| |      o **.(Jan. 12-16, 2014) TRB Presentation in Washington, DC - AHB55 G&T - Comparison of WZ w and wo Mobile Barrier** |
| |      o **. (Jan. 12-16, 2014) TRB Annual Meeting - Simulation Paper Presented but not published** |
| |      o **.(Jan. 12-16, 2014) TRB pg... Influence of Mobile Work Zone Barriers in Maintenance Work Zones on Driver Behavior** |
| | ➢ **May 2014 ASCE Conference in Atlanta, GA:** |
| |      o **. (May 19-21, 2014 Conference) Evaluation of a Mobile Work Zone Barrier System (ASCE)** |
| |      o **. (May 19-21, 2014) Evaluation of a Mobile Work Zone Barrier System (ASCE)** |

| 31. | **Defendants' Promotions and Benefits** |
|---|---|
| | ➢ **Defendant Gambatese:** |
| |      o **.Gambatese vita w GA Presentation re Mobile Barriers.pdf** |
| |      o **.Prof. Gambatese named Oregon Electric Group Faculty Fellow_ Civil and Const.pdf** |
| | ➢ **Defendant Tymvios:** |
| |      o **.Nicholas-Tymvios-PHD.pdf** |

| 32. | **Communications With Defendants And Government Agencies Re SPR 745 Report:** |
|---|---|
| | ➢ **MOBILE BARRIERS Redlined Comments to Draft SPR 746 Report (Exhibit "2" Above):** |
| |      o **ODOT Study Draft re Mobile Barriers redlined** |
| | ➢ **MOBILE BARRIERS Appendix A (Exhibit "3" Above):** |
| |      o **. Appendix A to ODOT LTR** |
| | ➢ **Letters To Defendants at OSU:** |
| |      o **.(7.16.2013) Notice of Research Misconduct to OSU** |
| |      o **.(12.20.2013) Ltr from OSU Prof** |
| |      o **.(1.10.2014) Letter to OSU VP RS Re - Notice of Research Misconduct** |
| | ➢ **Letter to University of North Carolina ("UNC")** |
| |      o **. (12.16.2013) Letter to UNC** |
| | ➢ **Letters To ODOT:** |
| |      o **. (6.5.2013) Letter to ODOT** |
| |      o **. (6.11.2013) ODOT Responsive Letter** |
| |      o **. (6.20.2013) Reply Correspondence** |
| |      o **. (6.20.2013) App. A to ODOT Responsive Correspondence** |
| |      o **. (10.14.2013) Email to ODOT re Surprised Publishing Report Under Research Misconduct Investigation** |
| |      o **.(2.5.2014) ODOT Notice.pdf** |
| | ➢ **Notice from FHWA:** |
| |      o **.(6.26.2013) FHWA SPR 746 Email** |

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 97

Laura Lee Blake, Esq.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737

| 33. | **Responses From Defendants To Plaintiff's Request For A Meeting:**<br>   ➤ **Letter From OSU:**<br>      ○ **.(12.20.2013) Ltr from OSU Prof**<br>   ➤ **Voice Mail From OSU General Counsel**<br>      ○ **.(6.17.2014) Voice Mail From OSU GC Declining to Meet** |
|---|---|
| 34. | **ODOT PIF:**<br>   ➤ **.ODOT Progress Reports\(8.7.2013) Oregon ODOT Request for Public Interest Funding to Use MBT-1** |
| 35. | **Plaintiff Email Re Absolutely "Surprised" at Release of Final SPR 746 Report:**<br>   ➤ **. (10.14.2013) Email to ODOT re Surprised Publishing Report Under Research Misconduct Investigation** |
| 36. | **February 6, 2003 DOJ Press Release entitled "Northwestern University Will Pay $5.5 Million To Resolve False Claims Act And Common Law Allegations," with quote from Assistant Attorney General Robert D. McCallum, Jr., head of the Department's Civil Division:**<br>     ***"This settlement illustrates the importance to the United States of ensuring that universities and other institutions make proper use of federal research funds,"*** |

COMPLAINT FOR QUI TAM UNDER FALSE
CLAIMS ACT, COLORADO GIA, FRAUD,
AND INJUNCTIVE RELIEF

Page 98

LAURA LEE BLAKE, ESQ.
MOBILE BARRIERS LLC
24918 Genesee Trail Road
Golden, Colorado 80401
Phone:  (404) 345-2737